Todd M. Friedman (SBN 216752)
tfriedman@toddflaw.com
Adrian R. Bacon (SBN 280332)
abacon@toddflaw.com
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
23586 Calabasas Rd., Suite 105
Calabasas, CA 91302
Phone: 323-306-4234

Attorneys for Plaintiff

(additional counsel on signature page)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DOTSON, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BOB EVANS FARMS, INC.,<br><br>Defendant. | Case No. 2:25-cv-11993-MWC-DSR<br><br>**JOINT RULE 26(f) REPORT**<br><br>Original Complaint filed: 11/12/2025<br>Removal filed: 12/18/25<br>Responsive pleading deadline: 3/2/2026<br>Scheduling Conference: 2/27/2026<br>Proposed Final Pretrial Conference: 7/17/2028 |

Plaintiff Michael Dotson ("Plaintiff") and Defendant Bob Evans Farms, Inc. ("Defendant") (collectively, the "Parties") hereby submit their Joint Rule 26(f) Report. The Report includes all information required by Fed. R. Civ. P. 26, C.D. Cal. L.R. 26-1, and this Court's Order Setting Scheduling Conference, dated December 23, 2025.

## A.    STATEMENT OF THE CASE

**Plaintiff's Position:**

This is a class action alleging that Defendant falsely advertised its Bob Evans Tasteful Sides: Macaroni and Cheese products (the "Products") as containing "no artificial preservatives" when the Products contained artificial preservatives lactic acid and sodium phosphate. Plaintiff alleges that he purchased a product containing Defendant's false advertisements. On the front of the packages, Defendant advertised that the products did not contain artificial preservatives. Plaintiff alleges that he purchased the Product and selected it over other competing brands specifically because the product he purchased was advertised as free of artificial preservatives. Plaintiff alleges that these false statements of material fact were misleading to him and similarly situated consumers who purchased Defendant's Products.

Plaintiff seeks damages stemming from the sale of falsely advertised products, and restitution for harmed consumers, as well as punitive damages and injunctive relief, and brings this case as a putative nationwide class, on claims under the California Unfair Competition Law ("FAL") (Cal. Business & Professions Code §§ 17500 *et seq.*), the California Unfair Competition Law ("UCL") (Cal. Business & Professions Code §§ 17200 *et seq.*), and the Consumer Legal Remedies Act ("CLRA") (Cal. Civ. Code §§ 1750 *et seq.*).

**Defendant's Position:**

Defendant sells various food products, including Bob Evans-branded refrigerated macaroni and cheese—of which Plaintiff allegedly bought one variety (the "Product"). The Product is advertised as containing "No Artificial Preservatives," but Plaintiff contends that the statement is deceptive because the Product contains two allegedly artificial ingredients: lactic acid and sodium phosphate. Plaintiff's theory is implausible and his claims fail.

To start, Plaintiff does not plausibly allege that the lactic acid and sodium phosphate in the Product are artificial. Plaintiff never states that these compounds do

JOINT RULE 26(F) REPORT                    - 2 -

not exist in nature. Nor does he plausibly allege that synthetic processes are the only methods by which lactic acid and sodium phosphate can be created and included in food.

Moreover, Plaintiff has not plausibly alleged that lactic acid and sodium phosphate function as preservatives in the Product. These ingredients could serve other functions, and Plaintiff's allegations are not adequately specific such that it is plausible—rather than possible—that lactic acid and sodium act as preservatives in the Product.

In addition, Plaintiff has not alleged a plausible definition of "artificial"—an essential baseline for claims of deception. His theory hinges on the notion that a reasonable consumer would interpret "artificial" to mean any ingredient "made by man" in any way—a definition so sweeping it would include common ingredients such as wheat flour, milk, or eggs. But no reasonable consumer would believe an ingredient is artificial simply because humans played a role in its production.

Moreover, Plaintiff's claims also do not meet the particularity requirements of Federal Rule of Civil Procedure 9(b) because he fails to specify precisely which Bob Evans-branded line of products he purchased. He merely alleges that he purchased "one of the Bob Evans Tasteful Sides: Macaroni and Cheese Products," which is insufficient under Rule 9(b) particularity standard.

Plaintiff also cannot proceed on a partial or pure omission-based theory of deception. To the extent Plaintiff claims a partial omission, this theory fails because Plaintiff's claims are based on a label statement that he contends is outright false (i.e., not partially true). A pure omission claim fails because Plaintiff cannot plausibly allege Defendant had any duty to disclose allegedly omitted information. Such a duty arises only if an at-issue defect (i) relates to an unreasonable safety hazard or (ii) is central to a product's function and Plaintiff alleges at least one of the four *LiMandri* factors. Plaintiff pleads neither scenario here.

Plaintiff also lacks statutory standing to seek injunctive relief. Any future harm

JOINT RULE 26(F) REPORT                                                    - 3 -

is speculative because Plaintiff, accepting his own theory of lactic acid and sodium phosphate manufacturing, now knows that any lactic acid and sodium phosphate used in the Product is allegedly artificial. Nor can he seek punitive damages when he has not identified any of Defendant's officers, directors, or agents who approved or ratified the challenged conduct.

Lastly, Plaintiff cannot pursue relief on behalf of a nationwide class because (a) the statutes he invokes do not apply extraterritorially to out-of-state consumers who purchased a product outside of California, which were made by a non-California defendant, and (b) California's choice-of-law rules would also prohibit the application of its state statutes to a nationwide class.

**B.    SUBJECT MATTER JURISDICTION**

Defendant removed this action on the basis that federal subject matter jurisdiction exists under 28 U.S.C. § 1332(a) because there is complete diversity of the Parties—Plaintiff is a citizen of California and Defendant is a citizen of Ohio and Delaware—and the amount in controversy exceeds the sum or value of $75,000.

**C.    LEGAL ISSUES**

**Plaintiff's Position:**

The legal issues in this matter include, but are not limited to:

- Whether Defendant's act of knowingly and falsely advertising its products to consumers on its standard packaging is a violation of the FAL, UCL, and CLRA.
- Whether such false advertising on standard packaging presents a certifiable issue of fact and law.

**Defendant's Position:**

Defendant contends that the key legal issues include, but are not limited to:

- Whether Plaintiff plausibly alleged each of his claims;
- Whether a reasonable consumer would be deceived by the "No Artificial Preservatives" label;

JOINT RULE 26(F) REPORT

- 4 -

- Whether Plaintiff's allegations meet Rule 9(b)'s particularity standard;
- Whether Defendant had a duty to disclose the allegedly omitted information;
- Whether Plaintiff has statutory standing to pursue injunctive relief;
- Whether Plaintiff can recover punitive damages; and
- Whether a nationwide class is certifiable under Rule 23

## D.    PARTIES, EVIDENCE, ETC.

**Plaintiff's Position:**

    **a)    Identification of Parties**

Plaintiff Michael Dotson

    **b)    Plaintiff's Likely Witnesses**

Plaintiff currently believes that her likely witnesses are:

- Plaintiff Michael Dotson
- Defendant's Persons Most Knowledgeable regarding:
  - Advertising practices;
  - Sales of qualifying products;
  - Chemical formulations of the products; and
  - The decision to advertise the products a containing "no artificial preservatives";

    **c)    Plaintiff's Identification of Key Documents**

Plaintiff currently believes that the likely key documents on the main issues are:

- Documents relating to Defendant's decision to label the products as "no artificial preservatives"
- Documents relating to the chemical formulations of the products including master specification documents related to the challenged ingredients

JOINT RULE 26(F) REPORT

- Emails and other communications between Defendant, its advertising departments, marketing departments, research and development departments, and manufacturing facilities regarding the labeling of the products as containing "no artificial preservatives".
- Revenue projections and profit and loss statements relating to the labeling stating: "no artificial preservatives"
- Universal Product Codes for all products sold with the labels stating: "no artificial preservatives"
- Sales data relating to Class Products, including retailer lists, MSRP, revenues, sales volumes, and other related information.

**Defendant's Position:**

    **a)    Identification of Parties**

Defendant Bob Evans Farms, Inc. is not a publicly traded company. It is a wholly owned subsidiary of Post Holdings, Inc.

    **b)    Defendant's Likely Witnesses**

At this time, Defendant identifies the following list of potential witnesses:

- Plaintiff Michael Dotson
- Defendant's employees and agents with knowledge of the facts alleged in Plaintiff's first amended complaint and all witnesses who may become known during the course of discovery

This list is non-exhaustive. Defendant reserves its right to identify additional witnesses as the case develops.

    **c)    Defendant's Identification of Key Documents**

At this time, Defendant identifies the following list of key evidence:

- All documents referenced in Plaintiff's first amended complaint;
- Any and all documents produced by Plaintiff or any other parties or nonparties pursuant to discovery requests served by Defendant or any other party or nonparty;

JOINT RULE 26(F) REPORT

- Any and all documents reviewed by any expert in this action;
- Any report provided by any expert in this action;
- Any and all documents relied upon or utilized by Plaintiff;
- Any and all rebuttal or impeachment documents as may be deemed necessary;
- Any and all documents that may become known during the course of discovery;

The above list is non-exhaustive. Defendant reserves its right to identify additional evidence as the case develops.

**E.    DAMAGES/ INSURANCE**

**Plaintiff's Damages Position:**

Pursuant to the FAL, UCL, and CLRA Plaintiff seek recovery of restitution (including both diminution in value and unjust enrichment/disgorgement of ill-gotten gains), injunctive relief, attorneys' fees and costs of suit. *Mohebbi v. Khazen*, 2014 WL 2861146. (N.D. Cal. 2014); Cal Bus. & Prof. Code §§ 17203 and 17535, as well as actual damages, statutory damages, punitive damages, and other relief at the discretion of the tribunal (Cal. Civ. Code § 1780).

**Defendant's Damages Position:**

Neither Plaintiff nor the putative classes are entitled to any amount of damages, equitable remedies, costs, fees, or any other relief sought in the first amended complaint.

**Insurance:**

Defendant is not aware of any applicable insurance policies.

**F.    MOTIONS**

**Plaintiff's Position:**

Procedural Motions:

Plaintiff does not intend to file any procedural motions at this time.

Dispositive Motions:

JOINT RULE 26(F) REPORT

Plaintiff does not anticipate filing a Motion for Summary Judgement at this time.

Class Certification Motion:

Please see the Discovery and Class Certification Plan, attached hereto as Exhibit A, which details the Parties' requests, and the specific deadlines contemplated with respect to class certification and expert discovery.

**Defendant's Position:**

Defendant will file a motion to dismiss the amended complaint and strike the nationwide class allegations. Defendant also anticipates filing an opposition to any motion to class certification, *Daubert* motions, and other pretrial motions. Defendant also believes it will file a motion for summary judgment.

**G.    MANUAL FOR COMPLEX LITIGATION**

The Parties do not believe that the case requires reference to, or adoption of, the procedures set forth in the *Manual for Complex Litigation*.

**H.    DISCOVERY**

**Status of Discovery:**

The Parties have not yet served their respective initial disclosures, but they intend to do so on or before February 27, 2026.

The Parties stipulate to stay discovery while Defendant's motion to dismiss is pending. The Parties submit that a stay of discovery is appropriate here, given that this is a putative class action and Defendant's forthcoming motion to dismiss seeks to dismiss the first amended complaint in its entirety. *Rodriguez v. Ford Motor Co.*, No. 21 C 2553, 2022 WL 704780 (N.D. Ill. Mar. 9, 2022) (granting motion to stay pending motion to dismiss in putative class action). Should any portion of the first amended complaint not be dismissed, the Parties further stipulate that the discovery stay will remain until 28 days after Defendant files an answer.[1]

---

[1] In the event that any portion of the Complaint is not dismissed, once an answer is filed the Parties propose submitting an updated proposed schedule that assigns dates certain for the below tasks and addresses any

**Discovery Plan:**

Plaintiff's Position:

Plaintiff will serve written discovery on Defendant. Following Defendant's responses and production of materials, Plaintiff anticipates conducting depositions of one or more of Defendant's representatives pursuant to Federal Rule of Civil Procedure 30(b)(6). Plaintiff's counsel anticipates that Defendant's discovery production will contain many thousands of documents, and will require multiple months to produce and process, and will in turn require lengthy review and processing by Plaintiff's counsel. Plaintiff believes this is a complex litigation that will require a minimum of 18-months of litigation time before trial due to the high number of violations alleged and the complex chemical nature of the claims. Plaintiff anticipates that the subjects of discovery will include Defendant's decision to label the products as containing "no artificial preservatives", Defendant's communications regarding its decision to label the products as "no artificial preservatives", the formulations of each product listed in Plaintiff's amended complaint, Defendant's MSRP for each of the products, retail records for each Product sold in the United States, retail records for each Product sold in California, consumer complaints related to each product listed in Plaintiff's amended complaint, consumer surveys related to the "no artificial preservative" labeling, research performed by Defendant regarding the products listed in Plaintiff's amended complaint, and other similar or related issues.

**Defendant's Position:**

Defendant agrees to serve its initial disclosures on February 27, 2025. Defendant anticipates that discovery will include, but not be limited to, the following: (1) the source(s) of lactic acid and sodium phosphate used as ingredients in the Product; (2) the production methods for lactic acid and sodium phosphate;

scheduling issues.

JOINT RULE 26(F) REPORT

(3) consumer perceptions of the at-issue label representation; (4) the materiality of the at-issue label representation; and (5) Plaintiff's reliance on the Products' at-issue label representation.

Defendant will work in good faith with Plaintiff to agree to a protective order governing the discovery and use of confidential information. Defendant is also willing to cooperate with, and work in good faith toward, reaching an agreement on a stipulation regarding the preservation and production of electronically stored information ("ESI").

**Discovery Cutoff:**

The Parties propose the discovery cutoff dates governing the completion of all fact discovery as set forth in the Discovery and Class Certification Plan, attached hereto as Exhibit A, and the proposed Schedule of Pretrial Dates Worksheet, filed concurrently with this Joint Report.

**Expert Discovery:**

The Parties propose the dates for expert discovery as set forth in the Discovery and Class Certification Plan, attached hereto as Exhibit A, and the proposed Schedule of Pretrial Dates Worksheet, filed concurrently with this Joint Report.

**Parties:**

Neither Party envisions any needed changes to the Rule 26(a) disclosure requirements or other Rules of Civil Procedure regarding discovery. The Parties further agree that if either Party contends that any further variance from the Federal Rules is necessary, that Party may move the Court for an order so providing.

The Parties are aware of their obligation to preserve relevant evidence and have taken steps to comply with their obligations. If electronically stored information is requested during discovery, the Parties will meet and confer, as necessary, in an effort to reach agreement regarding the scope of any production, and an efficient protocol for accomplishing same. The Parties agree that a protective order is necessary to encompass the production, disclosure, and/or use of any confidential

JOINT RULE 26(F) REPORT                    - 10 -

and/or proprietary information of the Parties. The Parties agree that a protective order must be entered before the production of documents can begin and will work together to present an agreed-upon protective order to the Court as soon as practicable.

## I.     SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION (ADR)

Settlement discussions are not ongoing. Plaintiff prefers to select ADR procedure No. 3 pursuant to Local Rule 16-15.4 to participate in a private dispute resolution proceeding at the appropriate time. Defendant prefers to select ADR procedure No. 1 pursuant to Local Rule 16-15.4 and is willing, at the appropriate time, to conduct a settlement conference with a Magistrate Judge.

## J.     TRIAL ESTIMATE

Proposed Trial Date: The Parties propose a trial date approximately twenty-four months after Defendant files an answer.

Estimated Length: Plaintiff estimates that a trial would last approximately 6–8 days; Plaintiff anticipates that the trial will last more than four court days because of the complex nature of the litigation, including potentially complex class issues, complex legal and factual issues regarding the FAL, UCL, and CLRA, and the chemistry involved in Plaintiff's claims. Plaintiff contemplates calling approximately six (6) witnesses.

As for Defendant, the expected length of trial will depend on whether the case is tried as a class action. However, Defendant anticipates that the trial of Plaintiff's individual claims may last six to eight days.

Jury or Bench Trial: Plaintiff has demanded a jury trial.

Magistrate Judge: The Parties do not agree to try the case before a Magistrate Judge.

Trial Counsel: Plaintiff will be represented by Todd M. Friedman and Adrian R. Bacon at trial. Adrian R. Bacon will serve as lead trial counsel. Defendant will be represented at trial by Ronald Y. Rothstein and Jared R. Kessler, both of whom are seeking *pro hac vice* admission to this Court, as well as by Shawn Obi. Ronald Y.

Rothstein will serve as lead trial counsel.

## K.  INDEPENDENT EXPERT OR MASTER

The Parties do not believe that the appointment of an independent expert or master will be necessary in this matter.

## L.  OTHER ISSUES

The Parties anticipate no unusual issues.

Dated:     February 13, 2026          LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s/ Todd M. Friedman
Todd M. Friedman
Adrian R. Bacon

Attorneys for Plaintiff

Dated:     February 13, 2026          WINSTON & STRAWN LLP

By: /s/ Shawn Obi
Ronald Y. Rothstein (*pro hac vice* pending)
Jared R. Kessler (*pro hac vice* pending)
Shawn Obi (SBN: 288088)

Attorneys for Defendant

JOINT RULE 26(F) REPORT

- 12 -

**<u>Exhibit A – Discovery and Class Certification Plan</u>**

**<u>Last Date to Hear Motions to Amend Pleadings/Add Parties:</u>** This Court's Schedule of Pretrial Dates Worksheet contemplates this deadline to be six weeks after the Rule 16 Scheduling Conference occurs. However, in light of Defendant's forthcoming motion to dismiss, the Parties propose that this date shall be 30 days after the Court rules on the motion to dismiss.

**<u>Initial Discovery:</u>** The Parties request that the Court stay discovery until the date the Court rules on Defendant's forthcoming motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). This stay is appropriate because Defendant's forthcoming motion seeks to dismiss the entirety of Plaintiff's case, or in the alternative, seeks to narrow the scope of Plaintiff's class claims that will in turn determine the scope of discovery. Should any portion of the first amended complaint not be dismissed, the Parties further stipulate that the discovery stay will remain until 28 days after Defendant files an answer.

**<u>Deadline to File Motion for Class Certification:</u>** Plaintiff proposes that he shall file a motion for class certification, including any expert reports upon which Plaintiff relies in his motion, no later than

> [Plaintiff's Proposal: 9 months, or approximately 39 weeks]

> [Defendant's Proposal: 14 months, or approximately 60 weeks]

after Defendant files an answer.

**<u>Deadline to Complete Depositions and Document Productions for Plaintiff's Experts re Class Certification:</u>** The deadline to complete depositions and document productions for Plaintiff's experts regarding class certification shall be 11 weeks after Plaintiff files his motion for class certification.

**<u>Deadline to File Motion in Opposition to Class Certification (Including any Expert Reports Upon Which Defendant Relies in its Motion, and any *Daubert*</u>**

**Motion[2] as to Plaintiff's Experts):** Defendant's deadline to file its opposition to Plaintiff's motion for class certification and any accompanying *Daubert* motions shall be 15 weeks after Plaintiff files his motion for class certification.

**Deadline to Complete Depositions and Document Productions for Defendant's Experts re Class Certification:** The deadline to complete depositions and document productions for Defendant's experts regarding class certification shall be 30 days after Defendant files its opposition to class certification.

**Deadline to File Reply in Support of Motion for Class Certification (Including any Rebuttal Expert Reports upon Which Plaintiff Relies in His Motion, and any *Daubert* Motion as to Defendant's Experts):** Plaintiff shall file his reply in support of class certification, oppositions to *Daubert* motions, and any affirmative *Daubert* motions 30 days after Defendant files its opposition to class certification and *Daubert* motions.

**Fact Discovery Cutoff:** The fact discovery cutoff shall be 90 days after the Court rules on Plaintiff's motion for class certification.

**Expert Discovery Cutoff:** All expert discovery, including expert depositions, shall be completed 180 days after the Court rules on Plaintiff's motion for class certification. Defendant opposes this request and proposes that expert discovery be completed by the close of class certification briefing.

**Class Certification Damages Study:** The Parties have discussed Plaintiff's production of a potential damages analysis necessary to attempt to establish damages on a class-wide basis. The damages survey, which is necessary to attempt to establish class-wide damages related to allegedly misleading advertisements on consumer products, can be exceptionally lengthy and time consuming. Plaintiff's counsel recently conducted a damages analysis in a similar false-advertisement suit, *Noohi v.*

---

[2] *\*Daubert* motions – Unless and until the Court orders otherwise, any opposition to a *Daubert* motion shall be filed within 30 days of a motion, and any reply shall be filed within 14 days of an opposition.

JOINT RULE 26(F) REPORT

*Johnson & Johnson Consumer Inc.*, Case No. 20-cv-03575-TJH-JEM, which required approximately eight months for completion. Plaintiff will not be able to begin the class certification damages survey until all necessary discovery has been received. Plaintiff intends to file an expert methodology report in support of class certification to establish that damages can be established on a class wide basis, and then run the analysis expert analysis after the class has been certified.

**Class Certification Hearing:** The hearing on class certification shall take place 30 days after Plaintiff's reply is filed or on the first date available thereafter that this matter can be heard.

**Final Pretrial Conference:** As noted in the Parties' Schedule of Pretrial Dates Worksheet, given that this Court has yet to rule on Defendant's forthcoming motion to dismiss and in light of the complex nature of this class action and the requested class certification deadlines, selecting the date for a final pretrial conference is challenging. For now, the Parties have selected a placeholder date of July 28, 2028, which they believe accounts for the amount of time necessary for this Court to rule on Defendant's motion to dismiss and, if needed, allows the Parties to initiate discovery in the manner set forth above. The Parties have set deadlines regarding (1) motions *in limine* and oppositions to motions *in limine*; (2) the settlement conference completion date; and (3) the last date to hear non-discovery motions using the July 28, 2028 date and in rough alignment with the Court's recommended default timeline. However, as noted in footnote 1, *supra*, the Parties intend to provide dates certain, if necessary, following the Court's ruling on Defendant's motion to dismiss.

JOINT RULE 26(F) REPORT

- 15 -