

Shawn Obi (SBN: 288088)
SObi@winston.com
WINSTON & STRAWN LLP
333 S. Grand Ave., Suite 3800
Los Angeles, CA 90071
Telephone: +1 213-615-1700

*Attorney for Defendant*
*BOB EVANS FARMS, INC.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

MICHAEL DOTSON, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

BOB EVANS FARMS, INC.,

Defendant.

Case No. 2:25-cv-11993

Hon. Michelle Williams Court

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. SECTION 1404(A)**

Date: April 24, 2026
Time: 1:30 P.M.
Place: Courtroom 6A, 6th Floor
Complaint Removed: December 18, 2025
Amended Complaint: January 30, 2026

## NOTICE OF MOTION AND MOTION TO DISMISS

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on April 24, 2026, at 1:30 p.m., or as soon thereafter as this matter can be heard, in the Courtroom of the Honorable Michelle Williams Court (Courtroom 6A, 6th Floor), located at 350 West First Street, Los Angeles, California 90012, Defendant Bob Evans Farms, Inc. ("Defendant") will and hereby does move the Court for an Order granting its Motion to Transfer Pursuant to 28 U.S.C. § 1404(a).

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, all pleadings, papers, and documents on file herein, and any other written or oral submissions that may be presented at or before the hearing on this Motion.

This Motion is made after the conference of counsel under L.R. 7-3 on February 27, 2026. The parties thoroughly discussed the substance and potential resolution of the filed motion by videoconference.

Dated: March 27, 2026                    WINSTON & STRAWN LLP


By: */s/ Shawn Obi*
Shawn Obi (SBN: 288088)
SObi@winston.com
333 South Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: +1 213-615-1700

*Attorney for Defendant*
*BOB EVANS FARMS, INC.*

# TABLE OF CONTENTS

Page

I.  INTRODUCTION..................................................................................... 1

II.  FACTUAL BACKGROUND ................................................................. 1

III.  LEGAL STANDARD .......................................................................... 3

IV.  ARGUMENT......................................................................................... 3

    A.  Plaintiff Could Have Brought this Action in the Southern District of Ohio............................................................................................... 3

    B.  Convenience and the Interests of Justice Strongly Favor Transfer to the Southern District of Ohio.................................................... 4

        i.  Transferring this Case to the Southern District of Ohio Is More Convenient for the Parties and the Witnesses............................... 4

        ii.  Plaintiff's Choice of Forum Is Entitled to Little Weight Because He Seeks to Represent a Nationwide Class..................................... 6

        iii.  The Most Important Contacts and Conduct Occurred in New Albany, Ohio. ..................................................................................... 7

        iv.  The Location of Evidence Supports Transfer to the Southern District of Ohio.......................................................................... 8

        v.  Ohio Has a Greater Interest in the Controversy............................ 9

        vi.  The Forum's Familiarity with the Governing Law Factor Is Neutral. ....................................................................................... 10

V.  CONCLUSION..................................................................................... 10

BOB EVANS FARMS, INC.'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ace Mold (Heifei) Co. Ltd. v. AliphCom*,
  2016 WL 8252923 (C.D. Cal. Oct. 17, 2016)................................................................ 9

*Boedeker v. Farley*,
  2020 WL 2536968 (C.D. Cal. Mar. 19, 2020)............................................................... 3

*Cats & Dogs Animal Hosp., Inc. v. Yelp!, Inc.*,
  2010 WL 11595452 (C.D. Cal. May 3, 2010)............................................................... 7

*Commodity Futures Trading Comm'n v. Savage*,
  611 F.2d 270 (9th Cir. 1979)...................................................................................... 3

*Forsher v. J.M. Smucker Co.*,
  612 F. Supp. 3d 714 (S.D. Ohio 2020) ...................................................................... 10

*Gandara v. Nestle Purina PetCare Co.*,
  2013 WL 2444143 .................................................................................................... 7

*Greben v. Cinmar, LLC*,
  2025 WL 1765916 (C.D. Cal. May 30, 2025).................................................*passim*

*Hawkins v. Gerber Prods. Co.*,
  924 F. Supp. 2d 1208 (S.D. Cal. 2013)....................................................................... 7

*Johnson v. Apple, Inc.*,
  2014 WL 4076148 (S.D. Ohio Aug. 14, 2014), *R. & R. adopted*, 2014 WL 7330737
  (S.D. Ohio Sept. 8, 2014) .......................................................................................... 10

*Jovel v. i-Health, Inc.*,
  2012 WL 5470057 (C.D. Cal. Nov. 8, 2012) ..................................................... 5, 6, 8

*In re Juniper Networks, Inc.*,
  14 F.4th 1313 (Fed. Cir. 2021)................................................................................... 9

*Lou v. Belzberg*,
  834 F.2d 730 (9th Cir. 1987)....................................................................................... 7

*Luna v. Wal-Mart Transp., LLC*,
  2018 WL 3569357 (C.D. Cal. July 11, 2018)............................................................... 9

ii

*In re Merit Med. Sys., Inc. Sec. Litig.*,
  2020 WL 2611256 (C.D. Cal. May 11, 2020).....................................................................3

*Metz v. U.S. Life Ins. Co. in the City of N.Y.*,
  674 F. Supp. 2d 1141 (C.D. Cal. 2009) .............................................................................3

*Meza v. Procter & Gamble Co.*,
  2023 WL 3267861 (C.D. Cal. Apr. 27, 2023)........................................................ 1, 5, 10

*Mina v. Red Robin Int'l, Inc.*,
  2020 WL 4037163 (C.D. Cal. Mar. 3, 2020).......................................................................7

*Montenegro v. Johnson & Johnson Consumer, Inc.*,
  2024 WL 4720925 (C.D. Cal. Sept. 16, 2024).....................................................................8

*Moreno v. Johnson & Johnson Consumer Inc.*,
  2021 WL 12302429 (C.D. Cal. Oct. 5, 2021)..............................................................*passim*

*Noohi v. The Hershey Co.*,
  2026 WL 713034 (C.D. Cal. Feb. 20, 2026)................................................................*passim*

*Randles v. Nationstar Mortg., LLC*,
  2024 WL 1855720 (E.D. Cal. Apr. 26, 2024) ......................................................................7

*Rubio v. Monsanto Co.*,
  181 F. Supp. 3d 746 (C.D. Cal. 2016) ................................................................................4

*Van Dusen v. Barrack*,
  376 U.S. 612 (1964)....................................................................................................... 1, 3

*Vasseur v. Johnson & Johnson Consumer, Inc.*,
  2025 WL 576548 (C.D. Cal. Feb. 12, 2025) .......................................................................4

*In re Volkswagen of Am.*,
  545 F.3d 304 (5th Cir. 2008) (en banc)..............................................................................9

**Statutes**

28 U.S.C. § 1332(a) .....................................................................................................................3

28 U.S.C. § 1391(c) .....................................................................................................................4

28 U.S.C. § 1404(a) ...........................................................................................................*passim*

Cal. Bus. & Prof. Code § 17200.........................................................................................2, 5, 10

iii

Cal. Bus. & Prof. Code § 17500.............................................................................. 2, 5, 10

Cal. Civ. Code § 1750 ............................................................................................. 2, 5, 10

iv

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This case belongs in the Southern District of Ohio. The gravamen of this action is Plaintiff's allegation that the "no artificial preservatives" statement on the packaging of Bob Evans Tasteful Sides: Macaroni & Cheese (the "Product") is misleading because the Product contains lactic acid and sodium phosphate—ingredients he speculates are "artificial" and function as "preservatives." Rather than file this action in New Albany, Ohio—where nearly all of the documents and witnesses with relevant information on the nature of the Product's ingredients are located (*see* Roche Decl. ¶¶ 3, 5, 6–7)—he filed this action in the Central District of California, the location where he made the single purchase on which he bases his claims. But the Central District is thousands of miles from the witnesses, evidence, and alleged conduct at the very core of Plaintiff's claims.

With nearly all of the relevant evidence in New Albany, Ohio, transfer will greatly serve the convenience of the parties and witnesses and prevent the waste of "time, energy, and money." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Moreover, Plaintiff's decision to file in this district is given "minimal consideration" because he is seeking to represent a nationwide class, making his decision to file here "at best the product of happenstance and at worst a purely strategic maneuver." *Meza v. Procter & Gamble Co.*, 2023 WL 3267861, at *6 (C.D. Cal. Apr. 27, 2023). In fact, in a case that is nearly on all fours with the one at bar, the court granted a defendant's motion to transfer. *See Noohi v. The Hershey Co.*, 2026 WL 713034, at *7 (C.D. Cal. Feb. 20, 2026). Accordingly, the relevant factors under 28 U.S.C. § 1404(a) strongly favor transfer to the Southern District of Ohio.

### II. FACTUAL BACKGROUND

Plaintiff Michael Dotson ("Plaintiff") filed the operative First Amended Class Action Complaint (the "Complaint" or "Compl.") on January 30, 2026, alleging that Bob Evans Farms, Inc. ("Defendant") deceptively labels the Product as having "no artificial preservatives." On this theory, Plaintiff alleges, individually and on behalf of putative

1

nationwide and California classes, that Defendant violated the following statutes: (1) California's Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code §§ 17200 *et seq.*); (2) California's False Advertising Law ("FAL") (Cal. Bus. & Prof. Code §§ 17500 *et seq.*); and (3) California's Consumer Legal Remedies Act ("CLRA") (Cal. Civ. Code §§ 1750 *et seq.*).

Though he resides in Los Angeles County, California, Plaintiff seeks to bring claims on behalf of a nationwide class of "[a]ll persons within the United States who purchased the Product[] within four years prior to the filing of the original Complaint through to the date of class certification." Compl. ¶ 43. Plaintiff asserts he purchased one of several varieties of Bob Evans-branded refrigerated macaroni-and-cheese from an Amazon Fresh store located in Woodland Hills, California on September 8, 2025. *Id.* ¶ 25.[1] Plaintiff's residence and his single purchase of the Product are the only connection of this action to California.

Defendant, on the other hand, has always maintained and currently maintains its principal place of business in Ohio. Defendant's corporate headquarters is located in New Albany, Ohio. Roche Decl. ¶¶ 3, 5. The majority of Defendant's executive and administrative functions related to product development, product packaging (including labeling), and product marketing are centered in Defendant's Ohio headquarters, and most (if not all) of the documents related to these functions are stored in Ohio. *Id.* ¶ 5. In particular, employees Jason Roche (Vice President of Marketing), Manuel Ortega (Vice President of Research & Development), Jenna Ramsey (Vice President of Finance), Jason Walter (Director of Dinner Sides), and Jessica Wiley (Director of IT – Business Relationship Management and Enterprise Reporting), who each work in Ohio, are responsible for decisions regarding the labeling, marketing, and sales of the Product. *Id.* ¶¶ 6–7.

---

[1] Because Plaintiff has not identified how many Bob Evans products are at issue in this lawsuit and the names of those products, Defendant assumes for the purposes of this motion that he only brings claims premised on the single Bob Evans product he depicts in the Complaint (i.e., the Bob Evans Tasteful Sides: Macaroni & Cheese). Compl. ¶ 26.

2

## III.    LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Although the moving party bears the burden of showing that the "convenience of parties and witnesses, in the interest of justice" are served by transfer, this determination is left to the inherent discretion of the trial court. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979) (citing *Van Dusen*, 376 U.S. at 622). Ultimately, the purpose of Section 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen*, 376 U.S. at 616 (internal quotation marks omitted).

In determining the appropriateness of transfer, courts employ a two-step process. *Boedeker v. Farley*, 2020 WL 2536968, at *2 (C.D. Cal. Mar. 19, 2020). Courts first determine whether the action could have been brought in the target district. *Metz v. U.S. Life Ins. Co. in the City of N.Y.*, 674 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009). Second, a court must "weigh multiple factors in its determination whether transfer is appropriate in a particular case." *In re Merit Med. Sys., Inc. Sec. Litig.*, 2020 WL 2611256, at *1 (C.D. Cal. May 11, 2020) (citing *Metz*, 674 F. Supp. 2d at 1145).

## IV.    ARGUMENT

### A.    Plaintiff Could Have Brought this Action in the Southern District of Ohio.

There can be no legitimate dispute that Plaintiff could have filed this action in the Southern District of Ohio. An action could have been brought in a district where: (1) the court has subject matter jurisdiction; (2) the defendant would have been subject to personal jurisdiction; and (3) venue would have been proper. *Id.* As explained in Defendant's notice of removal, this Court has original jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See* ECF No. 1 ¶¶ 5–6, 9, 12–22; ECF No. 26. Defendant is subject to

3

BOB EVANS FARMS, INC.'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE

personal jurisdiction in Ohio, as that is where it maintains its principal place of business. *See* ECF No. 26 (corporate disclosure statement). Similarly, because Defendant's principal place of business is in New Albany, Ohio, which is located within the Southern District of Ohio, venue would have been proper in the Southern District of Ohio. *See* 28 U.S.C. § 1391(c). Accordingly, this action "might have been brought" in the transferee forum.

**B.   Convenience and the Interests of Justice Strongly Favor Transfer to the Southern District of Ohio.**

Under Section 1404(a), the central inquiry at the second step is the convenience of the parties and witnesses and the interests of justice. *Rubio v. Monsanto Co.*, 181 F. Supp. 3d 746, 759 (C.D. Cal. 2016). Thus, the Court "must consider the following three factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice." *Moreno v. Johnson & Johnson Consumer Inc.*, 2021 WL 12302429, at *1 (C.D. Cal. Oct. 5, 2021). In determining the interests of justice, a court may consider a number of factors, including, as relevant here, "the plaintiff's choice of forum," "the respective parties' contacts with the forum," "the contacts relating to the plaintiff's cause of action in the chosen forum," and "the ease of access to sources of proof." *Id*. The foregoing factors weigh heavily in favor of transferring this case to the Southern District of Ohio.

**i.   Transferring this Case to the Southern District of Ohio Is More Convenient for the Parties and the Witnesses.**

Both the convenience of the parties and the witnesses favor transferring this action to the Southern District of Ohio. Courts have repeatedly held that, where the "heart of the matter" concerns a manufacturing and labeling decision made in the transferee district, then the convenience of the parties, on balance, favors transfer. *See, e.g., Greben v. Cinmar, LLC*, 2025 WL 1765916, at *6 (C.D. Cal. May 30, 2025) (finding that transferee district was a "more convenient forum for the parties" when the transferee district was where the "marketing decisions were made"); *Vasseur v. Johnson & Johnson Consumer, Inc.*, 2025 WL 576548, at *2 (C.D. Cal. Feb. 12, 2025) (granting transfer in false-

4

advertising case when it was clear that "much of the litigation [would] focus on decisions made by officials involved in the marketing and production of [the product], which [took] place in [the transferee district]"); *Jovel v. i-Health, Inc.*, 2012 WL 5470057, at *5 (C.D. Cal. Nov. 8, 2012) (granting transfer in false-advertising case when "central" witnesses to the claims were based in transferee district); *Moreno*, 2021 WL 12302429, at *2 (finding "the convenience of the parties favors transfer" because "the convenience of the single representative Plaintiff does not outweigh the 11 or so New Jersey and Florida employees who would be inconvenienced by a California forum").

As explained, Defendant maintains its corporate office in, and the majority of its executive and administrative functions related to product development, packaging, labeling, and marketing are performed in, the Southern District of Ohio. Roche Decl. ¶ 5. The majority of employees responsible for these functions are based in Ohio. *Id.* ¶¶ 5–7. Critically, no employee with responsibility over these functions as they relate to the Product is based in California, while Defendant has identified several such employees based in Ohio. *Id.* ¶¶ 6–7. So even though Plaintiff may experience slight inconvenience, Defendant "would be more inconvenienced by litigating this action in California than Plaintiff" would litigating it in Ohio. *Meza*, 2023 WL 3267861, at *10 (holding convenience of parties weighed in favor of transferring case from Central District of California to Southern District of Ohio when "the crux of Plaintiff's claims [under the UCL, FAL, and CLRA] relate to Defendant's contacts") (citation omitted); *see also Noohi*, 2026 WL 713034, at *7 (finding any prejudice borne by the plaintiff was "minimized by the fact that" he brought a class action suit).

The convenience to the witnesses also favors transfer. "The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)." *Greben*, 2025 WL 1765916, at *6 (citation omitted). As indicated in the declaration of Mr. Roche, nearly all witnesses other than Plaintiff will be located within or near the Southern District of Ohio. *See* Roche Decl. ¶¶ 6–7; *Moreno*,

2021 WL 12302429, at *3. In particular, employees Jason Roche (Vice President of Marketing), Manuel Ortega (Vice President of Research & Development), Jenna Ramsey (Vice President of Finance), Jason Walter (Director of Dinner Sides), and Jessica Wiley (Director of IT – Business Relationship Management and Enterprise Reporting), who each work in Ohio, are responsible for decisions regarding the labeling, marketing, and sales of the Product. Roche Decl. ¶¶ 6–7.

This is precisely the type of case where convenience of the witnesses weighs heavily in favor of transfer. *See Moreno*, 2021 WL 12302429, at *2–3 (holding factor favored transfer where plaintiff only identified a potential third-party witness "to authenticate his purchase receipts," and the witness only had a "slight likelihood" of actually being called, whereas the defendant's employees would provide "important" testimony to "the adjudication of this consumer class action"); *Jovel*, 2012 WL 5470057, at *5 (holding factor "heavily" favored transfer where the "[p]laintiff ha[d] not identified any witnesses besides herself located in California" and her testimony was "far less central to the case than the testimony of the [defendant's] executive and scientific teams").

Should Plaintiff argue that the parties can reduce travel-related inconveniences by taking video depositions, the Court should give this argument little weight. That position, while true, assumes that Defendant will consent to deposing witnesses through video. It also ignores the reality that "the witnesses will still need to testify in person if the case proceeds to trial." *Noohi*, 2026 WL 713034, at *6. Thus, on balance, the convenience of the parties and witnesses factors weigh in favor of transfer.

### ii. Plaintiff's Choice of Forum Is Entitled to Little Weight Because He Seeks to Represent a Nationwide Class.

Although a plaintiff's forum choice normally receives deference, that deference is substantially reduced where, like here, a putative class representative seeks nationwide relief. *See, e.g.*, *Moreno*, 2021 WL 12302429, at *3 ("The Court finds that Plaintiff's choice of forum is entitled to minimal weight because this is a *nationwide* class action.")

6

(emphasis added); *Cats & Dogs Animal Hosp., Inc. v. Yelp!, Inc.*, 2010 WL 11595452, at *2 (C.D. Cal. May 3, 2010) ("The Ninth Circuit has held that in class actions, plaintiffs' choice of forum must be given less weight where they propose to represent a nationwide class.") (citing *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987)). Here, Plaintiff brings claims on behalf of a nationwide class. Compl. ¶ 43. Thus, Plaintiff's choice of forum is entitled to "minimal consideration." *Mina v. Red Robin Int'l, Inc.*, 2020 WL 4037163, at *4 (C.D. Cal. Mar. 3, 2020); *see also Hawkins v. Gerber Prods. Co.*, 924 F. Supp. 2d 1208, 1215 (S.D. Cal. 2013) ("entitled to very little weight"); *Randles v. Nationstar Mortg., LLC*, 2024 WL 1855720, at *4 (E.D. Cal. Apr. 26, 2024) ("considerably less weight"); *Gandara v. Nestle Purina PetCare Co.*, 2013 WL 2444143, at *4 (S.D. Cal. June 4, 2013) ("substantially depleted").

It is true that when most class members reside in a single state, a plaintiff's choice of forum can still receive the customary substantial deference, even though the lawsuit concerns multiple states. *See Noohi*, 2026 WL 713034, at *3. But Plaintiff has not alleged that the putative California class members outnumber the out-of-state putative class members. Indeed, Plaintiff states that he "does not know the number of members" in the nationwide class or the California subclass. Compl. ¶ 45. Plus, "[a]lthough California is a populous state," it "is likely true" that the number of putative out-of-state class members exceeds the number of putative California members. *See Noohi*, 2026 WL 713034, at *3 (embracing this reasoning). On this record, the Court should afford Plaintiff's choice of forum little deference.

### iii.    The Most Important Contacts and Conduct Occurred in New Albany, Ohio.

Plaintiff's "choice of forum is entitled to [even] lesser weight" when "the parties and the action lack significant connection to this forum." *Greben*, 2025 WL 1765916, at *4. Courts in this district have routinely held that when "'the gravamen of th[e] case is whether [the defendant] made false and misleading statements in its advertising,' and a 'substantial portion of the most important contacts and conduct relating to the causes of

7

action happened in the transferee forum' . . . this factor 'weighs heavily in favor of transfer.'" *Id.* (quoting *Moreno*, 2021 WL 12302429, at *3). Courts have reasoned that although the plaintiff "would have some role in a trial, it would not be nearly as significant as that of the defendant's executives and employees with knowledge of the challenged representations because the plaintiff can only testify to the fact of her purchase, not the falsity of claims." *Id.* (citation and quotations omitted). Although Plaintiff alleges that the Product was "marketed and sold—and one was purchased by Plaintiff—in this district," this is "less germane" to his claims than Defendant's contacts with Ohio, where the primary marketing, packaging, and product development *decisions* were actually made. *Id.* (citing *Montenegro v. Johnson & Johnson Consumer, Inc.*, 2024 WL 4720925, at *4 (C.D. Cal. Sept. 16, 2024)); *see also* Roche Decl. ¶ 5 (explaining that Defendant's marketing and development decisions were made in New Albany, Ohio.).

Given that the primary connection to this Court is Plaintiff's single purchase of a refrigerated macaroni-and-cheese product, this factor favors transfer. *See Noohi*, 2026 WL 713034, at *4 (finding factor favored transfer where defendant resided outside of California, defendant made key decisions in Pennsylvania, and the plaintiff's "relevant connections boil[ed] down to her residence in [the Central District of California] and the fact that she purchased a single, six-ounce bag of cheese puffs at a local supermarket").

### iv.    The Location of Evidence Supports Transfer to the Southern District of Ohio.

Defendant's relevant records are in electronic and physical form and are located at its principal place of business in New Abany, Ohio. *See* Roche Decl. ¶ 5. Transferring this case to the Southern District of Ohio is also supported by the fact that the relevant documents and sources of proof in this case are all maintained in Ohio. *Id.* This is true even though most of the information may be electronically stored. Although "electronic developments have diminished the need for paper copies available in only one form . . . costs of litigation can still be substantially lessened if the venue is in the district in which

8

most of the documentary evidence is stored." *Ace Mold (Heifei) Co. Ltd. v. AliphCom*, 2016 WL 8252923, at \*3 (C.D. Cal. Oct. 17, 2016) (citation omitted); *Luna v. Wal-Mart Transp., LLC*, 2018 WL 3569357, at \*3 (C.D. Cal. July 11, 2018) (noting that it was "well established" that even in the digital age, costs of litigation can be reduced if the litigation "is in the district in which most of the documentary evidence is stored") (citation omitted); *see also In re Volkswagen of Am.*, 545 F.3d 304, 316 (5th Cir. 2008) (en banc) ("That access to some sources of proof presents a lesser inconvenience now than it might have been absent recent developments does not render this factor superfluous."); *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1321 (Fed. Cir. 2021) ("[W]hile electronic storage of documents makes them more widely accessible than was true in the past, that does not make the sources-of-proof factor irrelevant."). Thus, this factor weighs in favor of transfer.

### v.    Ohio Has a Greater Interest in the Controversy.

Compared to California, Ohio has a greater interest in this controversy. True enough, Plaintiff is a California resident, and California has an interest in adjudicating disputes concerning its citizens. However, Plaintiff has framed this lawsuit as a nationwide class action. Compl. ¶ 43. In so doing, Plaintiff has now drawn in the interest of every state, and thus, California's interest in its residents "is not much different from the interest [that] all other states have in this case." *Moreno*, 2021 WL 12302429, at \*4; *see also Greben*, 2025 WL 1765916, at \*5 (agreeing with *Moreno*); *Noohi*, 2026 WL 713034 at \*7.

But Ohio stands on different footing. Like California, Ohio has an interest in adjudicating disputes concerning its residents. However, Ohio "has the *additional* interest in ensuring that corporations that reside and are headquartered there do not engage in false advertising." *Noohi*, 2026 WL 713034, at \*5 (quoting *Greben*, 2025 WL 1765916, at \*5) (emphasis added). In light of Ohio's elevated interest compared to California's, this consideration favors transfer. *See id.*

### vi.    The Forum's Familiarity with the Governing Law Factor Is Neutral.

The familiarity of the governing law is neutral. "[F]ederal judges routinely apply the law of a State other than the State in which they sit." *Greben*, 2025 WL 1765916, at *5. Indeed, it appears that Ohio federal courts do so with some regularity. *See, e.g.*, *Forsher v. J.M. Smucker Co.*, 612 F. Supp. 3d 714, 719, 729 (S.D. Ohio 2020) (assessing UCL, FAL, and CLRA claims under Rule 12(b)(6)); *Johnson v. Apple, Inc.*, 2014 WL 4076148, at *5 (S.D. Ohio Aug. 14, 2014), *R. & R. adopted*, 2014 WL 7330737 (S.D. Ohio Sept. 8, 2014) (same, but UCL claim).

Moreover, "even when a plaintiff brings a majority of his claims under California consumer protection laws, and thus a California federal court may be more familiar with the laws of the state than an out-of-state court, this fact tends to matter[] little in a nationwide class action' that requires at least a robust analysis of . . . the extent to which other state laws are analogous to California law." *Meza*, 2023 WL 3267861, at *8 (bracket in original) (quotation and citation omitted). Thus, "this factor is neutral." *Greben*, 2025 WL 1765916, at *5.

## V.    CONCLUSION

On balance, the Section 1404(a) factors weigh heavily in favor of transfer. For all the reasons above, the Court should exercise its discretion and grant Defendant's motion and transfer this action to the Southern District of Ohio.

Dated: March 27, 2026                    WINSTON & STRAWN LLP


By: */s/ Shawn Obi*

Shawn Obi (SBN: 288088)
SObi@winston.com
333 South Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: +1 213-615-1700

*Attorney for Defendant*
*BOB EVANS FARMS, INC.*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Defendant certifies that this brief contains 3,425 words, which complies with the word limit of L.R. 11-6-1.


Dated: March 27, 2026                    */s/ Shawn Obi*
                                         Shawn Obi

11

## CERTIFICATE OF MEET AND CONFER REQUIREMENT

I certify that the parties met in person or by videoconference, thoroughly discussed each and every issue raised in the motion, and attempted in good faith to resolve the motion in whole or in part. These attempts at resolution were unsuccessful, requiring the filing of this motion.

Dated: March 27, 2026            */s/ Shawn Obi*
                                 Shawn Obi

BOB EVANS FARMS, INC.'S NOTICE OF MOTION AND MOTION TO TRANSFER