Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
23586 Calabasas Rd., Suite 105
Calabasas, CA 91302
Phone: 323-306-4234
tfriedman@toddflaw.com
abacon@toddflaw.com
***Attorneys for Plaintiff***

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

MICHAEL DOTSON, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

POST HOLDINGS, INC., d/b/a BOB EVANS FARMS, LLC,

Defendant.

Case No. 2:25-cv-11993-MWC-DSR

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER**

Date: April 24, 2026
Time: 1:30 p.m.
Courtroom: 6A

---

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**

i

# TABLE OF CONTENTS

I.   INTRODUCTION                                                                    1

II.  LEGAL STANDARD                                                                  2

III. ARGUMENT: California Has the Most Significant Contacts
     with Plaintiff's Claims, and The Convenience Factors Do Not
     Favor Transfer                                                                  4

     i.    Convenience factors do not weigh in favor of transferring
           this case to Ohio                                                         5

     ii.   Plaintiff's Choice of Forum should be afforded substantial
           weight because California has the most significant
           contacts with Plaintiff's claims                                         6

     iii.  The Location of Evidence Does Not Support transfer to Ohio               9

     iv.   California has a greater interest in determining the outcome of
           Plaintiff's claims                                                       11

     v.    The Forum's Familiarity with the Governing Law
           Factor heavily weighs against transferring this case to Ohio            12

IV.  CONCLUSION                                                                     13

**Plaintiff's Opposition to Defendant's Motion to Transfer Venue**

## TABLE OF AUTHORITIES

**Cases**

*Allstar Marketing Group, LLC v. Your Store Online, LLC*, 666 F.Supp.2d 1109, 1131 (C.D. Cal. 2009) ................................................................2, 4, 5, 6, 9

*Bibo v. Federal Express, Inc.*, 2007 WL 2972948, *2 (N.D. Cal. 2007) .................3

*Celestial Mechanix, Inc. v. Susquehanna Radio Corp.*, 2005 WL 4715213, at *2 (C.D. Cal. 2005) ................................................................................3

*Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)................................................................................2, 10

*Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 845, 843 (9th Cir. 1986) ................................................................................3, 4, 6

*Forest Guardians v. Kempthorne*, 2007 WL 2572287, at *4 (S.D. Cal. 2007) ...8, 11

*Gherebi*, 352 F.3d at 1303 ................................................................................3

*Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947)................................................3

*Hanson v. Denckla*, 357 U.S. 235, 253 (1958) ................................................................9

*In re Ferrero Litig.*, 768 F. Supp. 2d 1074, 1078 (S.D. Cal. 2011) ........................7

*Jack v. Ring LLC* 2022 WL 20489261 at *7(Cal.Super., Mar. 18, 2022, No. CGC-20-588258)................................................................................12

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000)....................5

*Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987)................................................7

*McGill v. Citibank, N.A.*, 2 Cal.5th 945 (2017) ................................................9, 12

*Nat'l Wildlife Fed'n v. Harvey*, 437 F. Supp.2d 42, 50 (D. D.C. 2006) ..............8, 11

*Noohi v. Johnson & Johnson Consumer Inc.*, 146 F.4th 854 (9th Cir. 2025) 1, 11, 12, 13

*Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1095 (N.D. Cal. 2013)10

Ryan v. Microsoft Corp., No. 14-CV-04634-LHK, 2015 WL 1738352, at *7 (N.D.

Cal. Apr. 10, 2015) ...............................................................................................7, 10

*Securities Investor Protection Corp. v. Vigman,* 764 F.2d 1309, 1317 (9th

Cir.1985)...............................................................................................................3

*Shore to Shore Properties, LLC v. Allied World Assur.*, 2011 WL 4344177, at *4

(N.D. Cal. 2011) ...............................................................................................8, 11

*STX, Inc. v. Trik Stik, Inc.*, 708 F.Supp. 1551, 1555-56 (N.D. Cal.1988)................3

*Van Dusen v. Barrack*, 376 U.S. 612, 645-646 (1964).....................................3, 4, 5

**Statutes**

(28 U.S.C. § 1404(a))...........................................................................................2

28 U.S.C. Section 1404 (a) ...................................................................................4

Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750 *et seq.*) ("CLRA") ..........1

False Advertising Law (Cal. Business & Professions Code §§ 17500 *et seq.*)

("FAL") ...............................................................................................................1

Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*)

("UCL")...............................................................................................................1

**Other Authorities**

15 Fed. Prac. & Proc. Juris. § 3848 (3d ed.)........................................................4, 5

**Plaintiff's Opposition to Defendant's Motion to Transfer Venue**

iv

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This case involves California law, California residents, a named Plaintiff from California, and transactions that occurred in California. On November 12, 2025, Plaintiff Michael Dotson ("Plaintiff") filed his initial Complaint individually and on behalf of all others similarly situated against the Defendant Bob Evans Farms, LLC ("Defendant") arising out of Defendant's sale of mislabeled products to Plaintiff in California. Dkt. No. 1. Defendant's Motion to Transfer is blatant forum shopping designed to help Defendant escape the Ninth Circuit in hopes of avoiding binding precedence that will apply to this case. See *Noohi v. Johnson & Johnson Consumer Inc.,* 146 F.4th 854 (9th Cir. 2025). The primary connection between Plaintiff's claims and Ohio are the Nationwide allegations alleged in Plaintiff's operative pleading. Plaintiff's First Amended Compl. supra. However, in response to Defendant's Motion to Dismiss Plaintiff has voluntarily dismissed his nationwide claims despite the issue being procedurally premature. Plaintiff's Opp. To Defendant's Mot. to Dismiss p. 23. Plaintiff alleges claims under False Advertising Law (Cal. Business & Professions Code §§ 17500 *et seq.*) ("FAL"), Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*) ("UCL"), and Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750 *et seq.*) ("CLRA"), on behalf of himself and a similarly situated set of California consumers who were subjected to Defendant's mislabeling.

Defendant seeks to transfer venue this matter based on arguments that convenience favors transfer. However, as Plaintiff articulates below, the convenience factors do not favor transfer. Plaintiff's transaction occurred in California. Plaintiff's First Amend. Compl. ¶ 25. The transactions of the only remaining class are entirely based in California. *Id.* ¶ 46. Discovery is likely to be primarily or entirely digital as it will regard digital information including emails, document templates, ingredient specifications, product research presentations, marketing presentations, and other electronic information. Depositions may be, and usually are, conducted remotely in this type of litigation. Likewise, out of state witnesses frequently appear at trial by video conference. Accordingly, Plaintiff respectfully requests the Court decline to transfer this matter.

## II.    LEGAL STANDARD

A defendant who wishes to transfer venue "[f]or the convenience of parties and witnesses, in the interest of justice" (28 U.S.C. § 1404(a)) bears the burden of showing by preponderance of the evidence that such change in venue is warranted by the facts. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *Allstar Marketing Group, LLC v. Your Store Online, LLC*, 666 F.Supp.2d 1109, 1131 (C.D. Cal. 2009) ("The burden is on the moving party to establish that a transfer will allow a case to proceed more conveniently and better serve the interests of justice."); *See, e.g., Commodity Futures Trading Comm., 611 F.2d at 279; STX, Inc. v. Trik Stik, Inc.*, 708 F.Supp. 1551, 1555-56 (N.D.

**Plaintiff's Opposition to Defendant's Motion to Transfer Venue**

Cal.1988) ("In seeking to transfer a case to a different district, a defendant bears a heavy burden of proof to justify the necessity of the transfer. The plaintiff's choice of forum should not be easily overturned").

It is a well-established maxim of Federal Procedure that "courts should not generally transfer unless the convenience and justice factors strongly favor the defendant's choice of venue. *Securities Investor Protection Corp. v. Vigman,* 764 F.2d 1309, 1317 (9th Cir.1985) (quoting *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947)). With certain exceptions, '[t]he defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum.' *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 845, 843 (9th Cir. 1986). *See also Bibo v. Federal Express, Inc.*, 2007 WL 2972948, *2 (N.D. Cal. 2007).

"'[A]s a general matter, the district court is not required to determine the best venue, and transfer under § 1404(a) should not be freely granted.' *Gherebi*, 352 F.3d at 1303 (internal citations and quotations omitted)." *Celestial Mechanix, Inc. v. Susquehanna Radio Corp*., 2005 WL 4715213, at *2 (C.D. Cal. 2005). "Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient...." *Van Dusen v. Barrack*, 376 U.S. 612, 645-646 (1964). And, "transfer will not be ordered if the result is merely to shift the inconvenience of where the action is located from one party to another...." *Allstar*

**Plaintiff's Opposition to Defendant's Motion to Transfer Venue**

3

*Marketing Group, LLC*, *supra*, 666 F.Supp.2d at 1131, citing 15 Fed. Prac. & Proc. Juris. § 3848 (3d ed.).  The purpose of 28 U.S.C. Section 1404 (a) is "to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen*, 376 U.S. at 616.

### III.    ARGUMENT: **California Has the Most Significant Contacts with Plaintiff's Claims, and The Convenience Factors Do Not Favor Transfer.**

Defendant argues that the factors governing a permissive transfer under 28 U.S.C. § 1404(a) which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought," but these factors are not as clear-cut as Defendant claims.  The Court must consider public factors relating to "the interest of justice" and private factors relating to "the convenience of the parties and witnesses." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.1986).  Such factors may include: (1) the location where relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to sources of proof; (9) the presence of a

forum selection clause; and (10) the relevant public policy of the forum state, if any. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

### i. Convenience factors do not weigh in favor of transferring this case to Ohio.

Defendant argued that transferring this case to Ohio is more convenient for the Parties. However, in reality transfer merely shifts the inconvenience from the subsidiary of a multi-billion-dollar corporation to an individual consumer living in Los Angeles. "Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient...." *Van Dusen v. Barrack*, 376 U.S. 612, 645-646 (1964). The court accords less weight to the inconvenience of *party* witnesses, however, as they can be compelled to testify regardless of the forum in which the lawsuit is ultimately litigated. *Allstar Mktg. Grp., LLC v. Your Store Online, LLC,* 666 F. Supp. 2d 1109, 1132–33 (C.D. Cal. 2009) . And, "transfer will not be ordered if the result is merely to shift the inconvenience of where the action is located from one party to another...." *Allstar Marketing Group, LLC*, *supra*, 666 F.Supp.2d at 1131, citing 15 Fed. Prac. & Proc. Juris. § 3848 (3d ed.). The purpose of Section 1404 (a) is "to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen*, 376 U.S. at 616.

Here, the inconvenience of hypothetically appearing in person outside of a Party's home residence is not equal between the Parties. Michael Dotson is an

**Plaintiff's Opposition to Defendant's Motion to Transfer Venue**

average American man living in Los Angeles. Plaintiff would be required to take extra time off work and away from his family to attend depositions or trial in California. Meanwhile, Defendant is a subsidiary of a multi-billion-dollar corporation. Witnesses appearing for Defendant would still be performing duties related to their employment and would be appearing in their professional capacity in any such deposition or trial. To the extent that Defendant's business is disrupted that disruption would occur similarly in either California or Ohio. See *Allstar Mktg. Grp., LLC v. Your Store Online, LLC,* 666 F. Supp. 2d 1109, 1132–33 (C.D. Cal. 2009). Additionally, Plaintiff will offer Defendant's employees the opportunity to appear by video for depositions and testimony. Plaintiff will also seek to minimize the burden of discovery on Defendant by conducting a 30(b)(6) Deposition so as to minimize the number of witnesses. Furthermore, Defendant's hypothetical refusal to cooperate with virtual depositions would be a self-imposed limitation rather than an inconvenience caused by the Court venue. See Defendant's Mot. to Transfer p. 6. Therefore, Defendant's Motion to Transfer should be denied.

> **ii. Plaintiff's Choice of Forum should be afforded substantial weight because California has the most significant contacts with Plaintiff's claims.**

The Plaintiff's choice of forum is generally afforded great weight in deciding whether to grant a defendant's motion for transfer of venue. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

**Plaintiff's Opposition to Defendant's Motion to Transfer Venue**

"[E]ven in a class action lawsuit, 'in judging the weight to be accorded to a Plaintiff's choice of forum in a putative class action, "consideration must be given to the extent of both [Plaintiff's] and the [Defendant's] contacts with the forum, including those relating to [Plaintiff's] cause of action.'" *In re Ferrero Litig.*, 768 F. Supp. 2d 1074, 1078 (S.D. Cal. 2011) (quoting *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987)). While Plaintiff's choice of forum is afforded less deference in the case of a putative class action, it is still awarded deference where is it the plaintiff's residence, the conduct giving rise to the claims occurred in this forum, and the choice of forum was not a second choice. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir.1987). Thus, this factor is entitled to some deference, if not "substantial deference." *See, e.g., Ryan v. Microsoft Corp.*, No. 14-CV-04634-LHK, 2015 WL 1738352, at *7 (N.D. Cal. Apr. 10, 2015).

Here, Plaintiff filed his claims in California state court because Plaintiff's claims are entirely based in California state law. Plaintiff's First Amend. Compl. ℙ1. The Parties transaction occurred in California. *Id* ℙ25. Furthermore, Plaintiff seeks to enforce unique public injunctive relief claims on behalf of the California public that are specific to the UCL and CLRA. *Id* at 1. Defendant seeks to transfer these claims on the basis that Plaintiff's First Amended Complaint includes nationwide class allegations. Yet, Defendant simultaneously seeks to dismiss Plaintiff's nationwide class allegations. To narrow these issues, Plaintiff agreed to

**Plaintiff's Opposition to Defendant's Motion to Transfer Venue**

7

dismiss his nationwide class claims in response to Defendant's motion to dismiss. Plaintiff's Opp. To Defendant's Mot. to Dismiss. p. 23. Therefore, Ohio's primary contacts to Plaintiff's nationwide claims are moot. Moreover, Plaintiff's choice of forum has a tangible impact on Plaintiff's claims. The Superior Court of California for the County of Los Angeles (the "LA Complex") was Plaintiff's first and primary choice of venue because that is the Court that directly serves Plaintiff's community. "The Ninth Circuit has directed courts to consider 'the local interest in having localized controversies decided at home' when deciding whether a transfer of venue is appropriate." *Shore to Shore Properties, LLC v. Allied World Assur.*, 2011 WL 4344177, at *4 (N.D. Cal. 2011). "[T]he interests of justice are promoted when a localized controversy is resolved in the region that it impacts." *Forest Guardians v. Kempthorne*, 2007 WL 2572287, at *4 (S.D. Cal. 2007), citing *Nat'l Wildlife Fed'n v. Harvey*, 437 F. Supp.2d 42, 50 (D. D.C. 2006). Plaintiff has made jury demands. Plaintiff's First Amend. Compl. Supra. Plaintiff's choice of forum, the LA Complex, would have afforded him a jury of Los Angeles County citizens. Defendant's mislabeled Products sit on store shelves in the community of Los Angeles and affect the transactions of members of that community, so that community should make determinations as to whether Defendant's conduct violated California law.  See *Shore to Shore Properties, LLC v. Allied World Assur.*, 2011 WL 4344177, at *4 (N.D. Cal. 2011). Transferring this

**Plaintiff's Opposition to Defendant's Motion to Transfer Venue**

8

case to Ohio state court will result in a jury of Ohio citizens deciding issues that effect a community two thousand miles away.

Yet, Defendant deliberately avails itself to the benefits of the laws and protections of California by purposely directing the sales of its products to California residents both online and physically in stores located in California. Plaintiff's First Amend. Compl. at ¶ 25; See *Hanson v. Denckla*, 357 U.S. 235, 253 (1958), (A non-resident Defendant purposely avails itself of a forum state's laws and protections when it purposely directs its activities at a forum's residents, or purposely avails itself of the privilege of conducting activities within the forum state); *Allstar Mktg. Grp., LLC v. Your Store Online, LLC,* 666 F. Supp. 2d 1109, 1122 (C.D. Cal. 2009) . Plaintiff alleges that Defendant's conduct violates the FAL, UCL, and CLRA, which are California statutes regarding the sales of Products in California. Plaintiff's First Amend. Compl. ¶ 1. Additionally, Plaintiff seeks a public injunction pursuant to Defendant's violation of the UCL and CLRA, which is a remedy specific to California law. *Id.* 88,91; *See McGill v. Citibank, N.A.*, 2 Cal.5th 945 (2017). Accordingly, California has the most significant contacts related to Plaintiff's cause of action. California Courts are in the best position to determine issues of unique California law raised by Plaintiff.

**iii. The Location of Evidence Does Not Support transfer to Ohio.**
"[T]he availability of electronic records and methods of electronic conveyance have substantially reduced the costs of transferring documents from

one locale to another." *Ryan v. Microsoft Corp.*, No. 14-CV-04634-LHK, 2015 WL 1738352, at *8 (N.D. Cal. Apr. 10, 2015) (citing *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1095 (N.D. Cal. 2013)). Irrespective of the forum of this litigation the Parties will exchange electronic documents by email or other file sharing service and video depositions for most, if not all, witnesses. So, discovery is equally as available in California as it is in Ohio. Moreover, Defendant's unsupported factual assertion that records are located at its principal place of business in Ohio is dubious at best. Defendant bears the burden of showing by preponderance of the evidence that such change in venue is warranted by the facts. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). The Declaration of James Roche includes bare assertions that data is stored in servers or hardware located in Ohio without disclosing any information about Defendant's actual data retention policies. Roche Decl. ¶5. Yet, those assertions do not reflect modern data storage. For example, Plaintiff will seek Microsoft documents in discovery. Emails, teams messages, and other Microsoft documents are stored in Microsoft data centers throughout the United States. See Microsoft, *Office 365 Data Locations*, Microsoft Learn, https://learn.microsoft.com/en-us/microsoft-365/enterprise/o365-data-locations?view=o365-worldwide (last visited Mar. 31, 2026). Granting Defendant's motion to transfer will not eliminate any real prejudice to Defendant

**Plaintiff's Opposition to Defendant's Motion to Transfer Venue**

regarding the costs of producing documents or the location of those documents.

**iv. California has a greater interest in determining the outcome of Plaintiffs claims.**

"The Ninth Circuit has directed courts to consider 'the local interest in having localized controversies decided at home' when deciding whether a transfer of venue is appropriate." *Shore to Shore Properties, LLC v. Allied World Assur.*, 2011 WL 4344177, at *4 (N.D. Cal. 2011).  "[T]he interests of justice are promoted when a localized controversy is resolved in the region that it impacts." *Forest Guardians v. Kempthorne*, 2007 WL 2572287, at *4 (S.D. Cal. 2007), citing *Nat'l Wildlife Fed'n v. Harvey*, 437 F. Supp.2d 42, 50 (D. D.C. 2006).

Here, California Courts have a localized interest in the resolution of Plaintiff's FAL, UCL, and CLRA claims because the transaction occurred here in California, the FAL, UCL, and CLRA are all California state laws, and Plaintiff has agreed to dismiss his nationwide claims. Additionally, Defendant's location in Ohio does not provide Ohio Courts with a greater interest in the enforcement of California law than California Courts simply because the decision to label the Products was made in Ohio. Therefore, transfer is unwarranted because California courts are uniquely well-positioned to adjudicate this dispute, particularly in light of their familiarity with controlling Ninth Circuit authority such as *Noohi v. Johnson & Johnson Consumer Inc.*, 146 F.4th 854 (9th Cir. 2025), which Defendant seeks to avoid through this transfer motion. In *Noohi*, the Ninth Circuit

**Plaintiff's Opposition to Defendant's Motion to Transfer Venue**

11

addressed materially similar product mislabeling claims involving alleged product mislabeling and affirmed class certification under California's consumer protection statutes. *Noohi* 146 F.4th 854, supra (9th Cir. 2025). The *Noohi* decision is highly relevant here because it clarifies that damages models need only demonstrate a viable method for measuring a price premium attributable to the alleged misrepresentation, and that materiality and reliance may be established proof under the reasonable consumer standard. *Noohi,* 146 F.4th 868 (9th Cir. 2025). California courts, which routinely interpret and apply the UCL, FAL, and CLRA, are more familiar with both the governing statutory framework and the nuanced precedent that directly controls class certification. Transferring this action to a forum less experienced with these principles would undermine judicial efficiency and risk inconsistent application of California law.

**v. The Forum's Familiarity with the Governing Law Factor heavily weighs against transferring this case to Ohio.**

Plaintiff seeks an order granting public injunctive relief on behalf of the California general public pursuant to the UCL and FAL, which is unique to California law. *See McGill v. Citibank, N.A.*, 2 Cal.5th 945 (2017). Meanwhile, Ohio has no form of injunctive relief. Ohio Rev. Code Ann. § 1345.09(D). One of the primary purposes of the UCL is to prohibit Defendant from engaging in similar conduct in the future. See *Jack v. Ring LLC* 2022 WL 20489261 at *7(Cal.Super., Mar. 18, 2022, No. CGC-20-588258). Additionally, Plaintiff agreed

**Plaintiff's Opposition to Defendant's Motion to Transfer Venue**

12

to dismiss his nationwide claims rendering that issue moot. As a result, while Federal Court are capable of interpreting and enforcing the laws of different states, an Ohio Federal Court will be undoubtably less familiar with UCL and CLRA public injunctions than this Court. Similarly, as explained above, an Ohio Federal Court will be less familiar with *Noohi*, and other similar precedence, that uniquely apply to class certification of UCL, FAL, and CLRA claims. See *Noohi* 146 F.4th 854, supra (9th Cir. 2025).

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff Respectfully requests this Honorable Court enter an order denying Defendant's Motion to Transfer. Defendant has failed to meet its burden of demonstrating that transfer is warranted under 28 U.S.C. § 1404(a). The relevant factors weigh decisively against transfer. Defendant's motion shifts inconvenience from Defendant to Plaintiff, which is insufficient to justify disturbing Plaintiff's chosen forum. Accordingly, the Court should deny Defendant's motion to transfer in its entirety.

Dated: April 3, 2026                **Law Offices of Todd M. Friedman, P.C.**

By: /s/ Todd M. Friedman
Todd M. Friedman, Esq.
Attorneys for Plaintiff

**Plaintiff's Opposition to Defendant's Motion to Transfer Venue**

13

Filed electronically on this 3rd Day of April, 2026, with:

United States District Court CM/ECF system

Notification sent electronically via the Court's ECF system to:

Honorable District Judge
United States District Court
Central District of California

and all Counsel of Record as Recorded on the Electronic Service List.

This 3rd Day of April, 2026

/s/Todd M. Friedman, Esq.
Todd M. Friedman
Attorney for Plaintiff

**Plaintiff's Opposition to Defendant's Motion to Transfer Venue**

14