Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
23586 Calabasas Rd., Suite 105
Calabasas, CA 91302
Phone: 323-306-4234
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff, and all others similarly situated.*

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DOTSON, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> POST HOLDINGS, INC., d/b/a BOB EVANS FARMS, LLC, <br><br> Defendant. | Case No. 2:25-cv-11993-MWC-DSR <br><br> **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

### <u>PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT</u>

# **TABLE OF CONTENTS**

I.  INTRODUCTION                                                    1

II.  FACTUAL BACKGROUND                                            2

III.  LEGAL STANDARD                                               3

IV.  ARGUMENT                                                      5

A.  DEFENDANT'S FACTUAL ARGUMENTS ARE
    INAPPROPRIATE FOR A MOTION TO DISMISS                          5

   i.   *Plaintiff Adequately Alleged the Challenged
        Ingredients are Artificial*                                5
   ii.  *Plaintiff Adequately Allege the Challenged
        Ingredients are Preservatives or Function as Preservatives* 8
   iii. *Plaintiff plausibly alleged that a reasonable consumer
        would be misled by Defendant's mislabeling*               13

B.  PLAINTIFF'S OMISSION CLAIMS SHOULD NOT BE
    DISMISSED                                                     16

C.  PLAINTIFF HAS STANDING TO BRING CLAIMS FOR
    ALL PRODUCTS LISTED IN THE FIRST AMENDED
    COMPLAINT                                                     18

D.  PLAINTIFF'S PUNITIVE DAMAGES CLAIMS SHOULD
    NOT BE STRICKEN                                               21

E.  PLAINTIFF HAS STANDING TO SEEK INJUNCTIVE
    AND DECLARATORY RELIEF                                        22

F.  PLAINTIFF AGREES TO DISMISS HIS NATIONWIDE
    CLAIMS WITHOUT PREJUDICE TO NARROW
    THE ISSUES BEFORE THE COURT                                   25

V.    CONCLUSION                                                                    25

# TABLE OF AUTHORITIES

**Cases**

*All. Mortg. Co. v. Rothwell,* 10 Cal. 4th 1226, 1241, (1995)........................................................ 21

*Allen v. Hyland's Inc.*, 300 F.R.D. 643 (C.D. Cal. 2014) ........................................................... 19

*Antossyan v. Kroger Co.*, No. 2:25-cv-05165-GW-MBKx, slip op. at 9 (C.D. Cal. Oct. 14, 2025) ................................................................................................................................................... 15

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ................................................................................ 3

*Astiana v. Kashi Co., 291 F.R.D. 493, 505 (S.D. Cal. 2013)* ..................................................... 20

*Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007) ................................................................... 3

*Benson v. S. California Auto Sales, Inc.,* 239 Cal. App. 4th 1198, 1210, 192 (2015) .................. 21

*Branca v. Bai Brands, LLC*, 2019 WL 1082562, at * 4-5 (S.D. Cal. Mar. 7, 2019) ................... 13

*Brazil v. Dole Packaged Foods, LLC, 2014 WL 2466559 at *10 (N.D. Cal 2014)*...................... 20

*Bruno v. Quten Research Inst., LLC*, 280 F.R.D. 524 (C.D. Cal. 2011) ................................ 19, 20

*Bruton v. Gerber Products Company*, 961 F.Supp.2d 1062 (N.D.Cal.2013).............................. 19

*Cabrega v. Campbell Soup Co.*, 2019 WL 13215191, at *10 (E.D.N.Y. Nov. 18, 2019)............ 12

*Campion v. Old Republic Home Prot. Co., Inc.,* 861 F. Supp. 2d 1139, 1150 (S.D. Cal. 2012).. 24

*Castagnola v. Hewlett-Packard Co.,* 2012 WL 2159385, *5 (N.D. Cal. June 13, 2012)............. 24

*Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103, 1115 (9th Cir. 2017)................................. 23

*Everest & Jennings, Inc. v. American Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir.1994).......... 4

*Forcellati v. Hyland's, Inc., 2014 WL 1410264 at *10 (C.D. Cal 2014)* .................................... 20

*Guido v. L'Oreal, USA, Inc.*, 284 F.R.D. 468 (C.D. Cal. 2012) .................................................. 19

*Gutierrez v. Carmax Auto Superstores California,* 19 Cal. App. 5th 1234, 1258, 248 Cal. Rptr. 3d 61, 84 (2018), as modified on denial of reh'g (Feb. 22, 2018) ........................................... 17

*Hayes v. Kraft Heinz Co.,* No. 1:23-CV-16596, 2024 WL 4766319, at *4 (N.D. Ill. Nov. 13, 2024) ........................................................................................................................................ passim

*Henderson v. Gruma Corp.,* 2011 WL 1362188, at *7 (C.D. Cal. Apr. 11, 2011)....................... 22

*Hilsley v. Gen. Mills, Inc.*, 376 F. Supp. 3d 1043, 1047 (S.D. Cal. 2019) ..................................... 7

*Hodsdon v. Mars, Inc.*, 891 F.3d 857 (9th Cir. 2018) ....................................................................... 18

*Hu v. Herr Foods, Inc.* 251 F. Supp. 3d 813 (E.D. Pa. 2017) ......................................................... 11

*Iglesias v. Arizona Beverages USA*, *LLC*, 2023 WL 4053803, at *4 (N.D. Cal. June 16, 2023) ... 6

*Ivie v. Kraft Foods Glob., Inc.*, 961 F. Supp. 2d 1033, 1041–42 (N.D. Cal. 2013) ....................... 12

*Jack v. Ring LLC* 2022 WL 20489261 at *7 (Cal.Super., Mar. 18, 2022, No. CGC-20-588258) 23

*Jones v. ConAgra Foods, Inc.*, 912 F.Supp.2d 889, 899 (N.D. Cal. 2012) ............................... 5, 8

*Kelly v. Beliv LLC*, 640 F. Supp. 3d 286, 298 (S.D.N.Y. 2022) ..................................................... 12

*Krommenhock v. Post Foods, LLC, 334 F.R.D. 552, 562 (N.D. Cal. 2020)* ................................. 20

*Lanovaz v. Twinings North America, Inc., 2014 WL 1652338 at *4 (N.D. Cal 2014)* ................. 20

*LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997) ................................................................ 17

*McGill v. Citibank, N.A.* 2 Cal.5th 945, 958 (2017) ..................................................................... 23

*Medrazo v. Honda of North Hollywood,* 82 Cal.Rptr.3d 1 (2008) ................................................ 19

*Moore v. Trader Joe's Co.*, 4 F.4th 874 (9th Cir. 2021) ................................................................ 15

*Morris v. Mott's LLP*, 2019 WL 948750, at * 4 (C.D. Cal. Feb. 26, 2019) ................................... 13

*N.L. Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986) ...................................................... 4

*Nelsen v. King County*, 895 F.2d 1248, 1252 (9th Cir. 1990) ....................................................... 24

*Ortega v. Natural Balance, Inc.*, 300 F.R.D. 422 (C.D. Cal. 2014) .............................................. 19

*Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) ...................... 4, 21, 22

*Puentes v. Wells Fargo Home Mortg., Inc.*, 160 Cal.App.4th 638, 645 (2008) ............................. 4

*Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523 (N.D. Cal. 2012) ..................................... 19

*Rivera v. Bio Engineered Supplements & Nutrition, Inc.,* WL 4906433 at *6-7 (C.D. Cal 2008) 20

*Rosado v. eBay Inc.*, Case No. 5:12–CV–04005–EJD, 2014 WL 2945774 at *6 (N.D. Cal. June 30, 2014) ............................................................................................................................................ 4

*Simeone v. T. Marzetti Co.*, 2023 WL 2665444, at *6 (S.D.N.Y. Mar. 28, 2023) ................. 12, 13

*Sims v. Campbell Soup Co.*, 2018 WL 7568640, at * 5 (C.D. Cal. Sept. 24, 2018) ..................... 13

*Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 755 (7th Cir. 2014) ............................................. 20

*Todd v. Tempur-Sealy International, Inc., 2016 WL 5746364 at \*5 (N.D. Cal. 2016)* ................ 20

*Von Koenig v. Snapple Beverage Corp.*, 713 F.Supp.2d 1066 (E.D. Cal. 2010) .......................... 19

*Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008) ............................ 4, 5, 16, 17


**Statutes**

Consumer Legal Remedies Act ("CLRA") (Cal. Civ. Code §§ 1750 *et seq.*) ................ 1, 4, 18, 21

False Advertising Law ("FAL") (Cal. Business & Professions Code §§ 17500 *et seq.* .... 1, 4, 5, 18

Unfair Competition Law ("UCL") (Cal. Business & Professions Code §§ 17200 *et seq*  1, 4, 5, 18


**Rules**

21 C.F.R. § 101.22 ...................................................................................................... 10


**Other Authorities**

A.O. Ojo & O. de Smidt, *Processes*, 11, 688 (2023) ........................................................ 7

Cambridge Dictionary, Definition of Tend,
   https://dictionary.cambridge.org/us/dictionary/english/tend ...................................... 10

Macquarie Univ., *Plant of the Week: Strychnine (Strychnos nux-vomica)* (2023),
   https://www.mq.edu.au/__data/assets/pdf_file/0007/1276387/Plant-of-the-week-Strychnine-
   Strychnos-1.pdf. ....................................................................................................... 9

## I.    INTRODUCTION

Defendant labels its Bob Evans Tasteful Side: Macaroni and Cheese products (the "Products") with objectively false claims that they contain "no artificial preservatives". In direct contradiction to the "no artificial preservatives" label, the Products contain sodium phosphate and lactic acid which are artificial chemical preservatives. *See* Plaintiff's First Amend. Compl. at ¶ 9-21. Consumers use consumer product labeling, such as the labeling at issue in this case, to make determinations about what foods they put into their bodies. Yet, Defendant's mislabeling deprives those consumers of the fundamental right to choose what they consume and what they spend their money on. Defendant's mislabeling is coercive, morally wrong, and illegal. Plaintiff alleges that he, and the class members she seeks to represent, was misled by Defendant's "no artificial preservatives" labeling in violation of the False Advertising Law ("FAL") (Cal. Business & Professions Code §§ 17500 *et seq*., Unfair Competition Law ("UCL") (Cal. Business & Professions Code §§ 17200 *et seq,* and Consumer Legal Remedies Act ("CLRA") (Cal. Civ. Code §§ 1750 *et seq.*). Plaintiff further alleges that she sought to avoid the negative effects of consuming preservatives, but has been deprived of that benefit due to Defendant's mislabeling. Plaintiff's First Amend. Compl. ₽ 29.

Yet, Defendant seeks dismissal of Plaintiff's claims on the basis that she has failed to state a claim upon which relief may be given. Plaintiff plausibly alleged that the challenged ingredients are artificial preservatives and that Defendant's labeling is likely to mislead reasonable consumers. Plaintiff adequately pled her omission-based claims. Plaintiff has standing to pursue his statutory and injunctive relief claims. Defendant's attempts to strike punitive damages are premature and unfounded at this stage of the proceedings. Finally, Plaintiff agrees to prematurely dismiss the nationwide class claims without prejudice. Accordingly, Defendant's motion should be denied in its entirety.

## II.    FACTUAL BACKGROUND

This case is brought on behalf of purchasers of the Products in the United States between November 12, 2021, and the present. Plaintiff's First Amend. Compl. ¶ 44. Plaintiff also brings a subclass of all persons who purchased the Products in California. *Id.* at ¶ 45. Plaintiff alleges that at least three products are mislabeled as having "no artificial preservatives" because the products contain the sodium phosphate and lactic acid. *Id.* at ¶ 10. The sodium phosphate and lactic acid in the Products retard the deterioration of the Products. *Id* at ¶ 11-21. Plaintiff alleges that she paid money to Defendant to receive Products without preservatives. *Id.* at ¶ 35-42. Plaintiff also alleges that she would not have

purchased Defendant's Product in lieu of other similarly situated Products but for Defendant's mislabeling. *Id*. Plaintiff alleges that she expected to receive the benefit of avoiding the negative potential effects of consuming preservatives, but has been deprived of that benefit because Defendant's Products contain sodium phosphate and lactic acid. *Id*. As such, Plaintiffs and class members lost money since they did not receive Products that are free from artificial preservatives. *Id*. Plaintiff alleges that Defendant's mislabeling affected similarly situated consumers who she seeks to represent. *Id*. at ¶45-55. Plaintiff alleges that Defendant's misrepresentations were uniform, and that the claims of Plaintiff and the class members did not arise of individualized circumstances or misrepresentations. *Id*. Plaintiff alleges that common issues predominate among the class members claims, and class treatment is superior to individual prosecution of the class members claims. *Id*.

## III.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). A court must draw all reasonable factual inferences in the plaintiff's favor. *Bell Atlantic*, 550 U.S. at 555–56. The court

must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to plaintiffs. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *N.L. Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). A complaint should not be dismissed unless a plaintiff could prove no set of facts in support of his claim that would entitle him to relief, and amendment would be futile. *Everest & Jennings, Inc. v. American Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir.1994).

To meet the pleading standard for fraud claims under the UCL, CLRA, FAL, and other consumer fraud statutes in the Ninth Circuit, a plaintiff must show that "members of the public are likely to be deceived." *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008)  Specifically, a plaintiff must allege that purported misrepresentations: (1) were relied on by plaintiff; (2) were material; (3) influenced plaintiff's decision to purchase defendant's product; and (4) were likely to deceive members of the public. *Rosado v. eBay Inc.*, Case No. 5:12–CV–04005–EJD, 2014 WL 2945774 at *6 (N.D. Cal. June 30, 2014)  The challenged conduct "is judged by the effect it would have on a reasonable consumer." *Puentes v. Wells Fargo Home Mortg., Inc.*, 160 Cal.App.4th 638, 645 (2008)  "Whether a practice is deceptive, fraudulent, or unfair is generally a

question of fact that is not appropriate for resolution on the pleadings." *Williams*, 552 F.3d at 938–39. Only in the rare case where a court can conclude as a matter of law that alleged misrepresentations are not likely to deceive a reasonable consumer, is it appropriate to dismiss claims under the UCL and FAL. *Jones v. ConAgra Foods, Inc.*, 912 F.Supp.2d 889, 899 (N.D. Cal. 2012)

## IV.    ARGUMENT

### A. DEFENDANT'S FACTUAL ARGUMENTS ARE INAPPROPRIATE FOR A MOTION TO DISMISS

   i.    *Plaintiff Adequately Alleged the Challenged Ingredients are Artificial*

Defendant argues Plaintiff failed to allege that lactic acid and sodium phosphate in the Products are artificial because Plaintiff failed to allege the artificial synthesis of sodium phosphate and lactic acid in the complaint are the only production methods for those ingredients. Yet, Plaintiff expressly pled the sodium phosphate and lactic acid in the Products are artificial preservatives. Plaintiff's First Amend. Compl. ¶9, 21. While sodium phosphates exist in natural mediums, they do not exist as pure compounds in those mediums and do not exist as pure minerals like common salt, NaCl. The Products list sodium phosphate—a pure substance added to the Products as an ingredient. Plaintiff's First Amend. Compl. ¶ 9. Creating a purified form of sodium phosphate requires human-driven acid-base reactions as described in the complaint. *Id.* at ¶ 11-13. Plaintiff

specified that sodium phosphates are created by human driven acid-base reactions, which logically entails that they do not exist as minerals in nature. *Id*. "Plaintiffs are not required to allege that it is *impossible* for sodium phosphates to exist as minerals in nature; they are only required to state a plausible claim that the sodium phosphates used in Defendants' Products are artificial preservatives." *Hayes v. Kraft Heinz Co.,* No. 1:23-CV-16596, 2024 WL 4766319, at \*4 (N.D. Ill. Nov. 13, 2024). Plaintiff alleges that the sodium phosphate salts are synthetic compounds; "there is nothing in the record to suggest that [they are] naturally occurring." *Iglesias v. Arizona Beverages USA*, *LLC*, 2023 WL 4053803, at \*4 (N.D. Cal. June 16, 2023).

Likewise, Plaintiff explicitly alleged that the lactic acid in the Products was subject to a spontaneous synthetic acid-base reaction between calcium carbonate and the lactic acid produced by genetically engineered bacteria. *Id* at ℙ17-21. That spontaneous synthetic acid-base reaction creates calcium lactate. *Id.* Calcium lactate is not lactic acid, calcium lactate is a different chemical altogether. Then, as Plaintiff alleged, the calcium lactate is then subject to another synthetic reaction with sulfuric acid to produce lactic acid and calcium sulfate. *Id.* Additionally, the calcium lactate and ammonium lactate processes described in the sources Plaintiff referenced involve the same acid/base synthesis

that renders the lactic acid in the Products synthetic irrespective if it is made from the fermentation process or those processes. See A.O. Ojo & O. de Smidt, *Processes*, 11, 688 (2023). As Plaintiff alleged, all manufactured lactic acid is artificial and Defendant's Products contain manufactured lactic acid. Plaintiff's First Amend. Compl. ¶ 17-21. Therefore, this Court should follow the other District Courts from across circuits that have held that the explicit allegations as made by Plaintiff in the FAC are sufficient to satisfy pleading standards. See *Hayes v. Kraft Heinz Co.,* No. 1:23-CV-16596, 2024 WL 4766319, at *4 (N.D. Ill. Nov. 13, 2024) (order denying motion to dismiss) (holding that nearly identical allegations that products contained artificial sodium phosphate were sufficiently plausible because they tied industry practices to the ingredients in the Products). Moreover, several courts have found that whether a particular ingredient is natural or artificial is a question of fact. *See, e.g., Hilsley v. Gen. Mills, Inc.*, 376 F. Supp. 3d 1043, 1047 (S.D. Cal. 2019) ("Whether Plaintiff is correct that General Mills used the d-l form of malic acid, and whether it used malic acid as a flavoring agent rather than a pH balancing agent are issues of fact that cannot be resolved at the pleading stage.").

Defendant failed to establish that the alleged misrepresentations outlined in Plaintiff's First Amended Complaint are not likely to deceive a reasonable

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

7

consumer as a matter of law. *See Jones v. ConAgra Foods, Inc.*, 912 F.Supp.2d 889, 899 (N.D. Cal. 2012) Plaintiff provided clear explanations of the challenged ingredients manufacturing processes and industrial applications including sources that establish those ingredients are chemically synthesized cheese preservatives. Plaintiff's First Amed. Compl. ₱ 9-22. Plaintiff's allegations, accepted as true for the purposes of a motion to dismiss, establish that Defendant's "no artificial preservatives" labeling is misleading because sodium phosphate and lactic acid are artificial preservatives. *Id.* Defendant's arguments to the contrary raise issue of fact inappropriate for a motion to dismiss and should be denied.

> ii.    *Plaintiff Adequately Allege the Challenged Ingredients are Preservatives or Function as Preservatives*

Next, Defendant argues Plaintiff failed to show that lactic acid and sodium phosphate function as preservatives in the Products because both ingredients have other uses as flavors or flavor enhancers, and the Products were labeled as "keep refrigerated". Defendant's Motion to Dismiss at p. 7. As a threshold observation, function of an ingredient in a product is not determinative of the effects of an ingredient on consumers after they consume it. If a hypothetical product was labeled, "No Poisons", but actually contained strychnine, commonly known as rat poison, the "No Poisons" label would not be accurate simply because strychnine

can be used as a stimulant.[1] Even if the strychnine truly functioned as a stimulant in the hypothetical product, it would still be a poison, because it is categorically a poison. Similarly, consumers who seek products that do not contain poison, seek to avoid the consumption of poisons irrespective of what the poison's other functions might be. District Courts ruling on the interpretation of the term "preservative" on product labeling have made similar observations. For example the *Antossyan* Court held as follows:

> "…[T]he word 'preservative' does not appear only to refer to an ingredient that 'actually functions' in a specific product to preserve a given product. Instead, the term 'preservative' appears to have two possible meanings: First, it denotes an ingredient that actually functions to preserve a specific product. Alternatively, and as relevant here, it may denote an ingredient that has the power or the tendency to preserve, regardless of whether it has a preserving function in a specific product."

*Antossyan v. Kroger Co.*, No. 2:25-cv-05165-GW-MBKx, slip op. at 9 (C.D. Cal. Oct. 14, 2025), quoting *Kelly v. Beliv LLC*, 640 F. Supp. 3d 286, 296 (S.D.N.Y. 2022) (emphasis in original) (brackets and citations omitted). As noted above and further detailed below, Plaintiff alleges sodium phosphate and lactic acid are chemical preservatives or functions as preservatives in the Products. Plaintiff's First Amend. Compl. ¶¶ 9-22. Plaintiff also alleged that he expected to avoid the

---

[1] Macquarie Univ., *Plant of the Week: Strychnine (Strychnos nux-vomica)* (2023), https://www.mq.edu.au/__data/assets/pdf_file/0007/1276387/Plant-of-the-week-Strychnine-Strychnos-1.pdf.

potential negative effects of consuming preservatives when he purchased the Products. *Id.* at 29.

First, the Food and Drug Administration defines chemical preservatives as: "any chemical that, when added to food, tends to prevent or retard deterioration thereof, but does not include common salt, sugars, vinegars, spices, or oils extracted from spices, substances added to food by direct exposure thereof to wood smoke, or chemicals applied for their insecticidal or herbicidal properties." 21 C.F.R. § 101.22 (emphasis added). The term "tend" is defined in common parlance as to be likely to behave in a particular way or have a particular characteristic.[2] 21 C.F.R. § 101.22 does not define chemical preservatives based on the intended function of those chemicals, rather it defines chemical preservatives based on the likelihood that those chemicals will display characteristics that retard the deterioration of food. *See* 21 C.F.R. § 101.22.

Here, sodium phosphate and lactic acid extend the shelf-life of the Products by creating an environment inhospitable to bacteria growth. Plaintiff's First Amend. Compl. ¶ 9-22. Plaintiff also included multiple sources referring to sodium phosphate and lactic acid as preservatives in a variety of contexts. *Id*. The

---

[2]Cambridge        Dictionary,        Definition        of        Tend, https://dictionary.cambridge.org/us/dictionary/english/tend

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

10

chemical structure of sodium phosphate and lactic acid dictate that they have bacterio-static effects on their environment, as a result sodium phosphate and lactic acid are chemical preservatives in the Products because they tend to retard the deterioration of food. *Id.* Even if sodium phosphate and lactic acid have other uses they still have preservative effects. Plaintiff and the Class Members expected to receive the benefit of avoiding the negative potential effects of consuming preservatives. *Id.*   ¶29.   Beyond that, Plaintiff provided sources supporting her explicit allegation that sodium phosphate and lactic acid are preservatives. Plaintiff's First Amend. Compl. ¶ 16, 19, 20; See *Hayes v. Kraft Heinz Co.,* No. 1:23-CV-16596, 2024 WL 4766319, at *4 (N.D. Ill. Nov. 13, 2024). Additionally, preservation includes both refrigeration and chemical preservation, and those preservation methods are not preclusive to each other. Plaintiff's First Amend. Compl. ¶19. Therefore the "keep refrigerated" requirements for the Products are not dispositive as to whether sodium phosphate and lactic acid are preservatives. *Id.*

Furthermore, Defendant's reliance on *Hu* and *Ivie* is flawed. The plaintiffs in Hu failed to plead a factual basis for the challenged ingredients to function as preservatives in the challenged products. *See Hu v. Herr Foods, Inc.* 251 F. Supp. 3d 813 (E.D. Pa. 2017). Meanwhile, Plaintiff here plead a detailed factual basis

regarding how sodium phosphate and lactic acid function as preservatives specifically. Plaintiff's First Amend. Compl. ¶ 16, 19, 20. For these reasons, Courts have declined to follow Hu. *See Simeone v. T. Marzetti Co.*, 2023 WL 2665444, at *6 (S.D.N.Y. Mar. 28, 2023); *Cabrega v. Campbell Soup Co.*, 2019 WL 13215191, at *10 (E.D.N.Y. Nov. 18, 2019); *Kelly v. Beliv LLC*, 640 F. Supp. 3d 286, 298 (S.D.N.Y. 2022) ("The *Hu* court's reasoning is unpersuasive. In reaching its decision, the district court noted that plaintiff had not supported her definition of preservative; however, as discussed, Plaintiff's definition of "preservative" is supported by the common definition of that term."). In the *Ivie* case, there was no indication in the FDA regulations, or any other source provided to the Court that the challenged ingredients in Ivie, potassium citrate and sodium citrate, were flavors. *Ivie v. Kraft Foods Glob., Inc.*, 961 F. Supp. 2d 1033, 1041–42 (N.D. Cal. 2013). In the case at bar, Plaintiff provided multiple sources that the challenged ingredients are preservatives, and that sodium phosphate and lactic acid are used as preservatives in cheese specifically. Plaintiff's First Amend. Compl. ¶ 16, 19, 20. This Court should follow the several courts holding that the function of an ingredient in a food product presents a question of fact that cannot be decided on a motion to dismiss. *See, e.g.*, *Simeone v. T. Marzetti Co.*, 2023 WL 2665444, at *6 (S.D.N.Y. Mar. 28,

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

2023) (denying motion to dismiss where the plaintiff alleged citric acid functions

as a preservative).[3]

      iii.     *Plaintiff plausibly alleged that a reasonable consumer would be misled by Defendant's mislabeling*

Defendant argued that Plaintiff's proffered definition of "artificial" is

imprecise, and no reasonable consumer would accept Plaintiff's definitions.

Defendant's Mot. to Dismiss at p. 9. First, Defendant's arguments regarding

Plaintiff's definition of "artificial" mischaracterizes Plaintiff's allegations, which

alleges a single, coherent definition of "artificial" and consistently applies it

throughout. Plaintiff defines "artificial" according to its ordinary meaning,

"made, produced, or done by people." Plaintiff's First Amend. Compl. ¶ 23.

Plaintiff then supports that definition with detailed factual allegations explaining

that sodium phosphate and lactic acid are produced through multi-step industrial

---

[3] *Branca v. Bai Brands, LLC*, 2019 WL 1082562, at * 4-5 (S.D. Cal. Mar. 7, 2019) (holding that the Court could not make a factual determination as to whether malic acid functions as an artificial flavor in the product at issue on a motion to dismiss at the pleadings stage); *Morris v. Mott's LLP*, 2019 WL 948750, at * 4 (C.D. Cal. Feb. 26, 2019) (holding that the defendant's argument "that the malic acid in its snacks functions exclusively as pH control agent and not as a flavor ... [was] inappropriate for determination on a motion to dismiss." (quotations and citation omitted)); *Sims v. Campbell Soup Co.*, 2018 WL 7568640, at * 5 (C.D. Cal. Sept. 24, 2018) ("Defendants' arguments that malic acid is not, or does not function as, a flavor go to disputed factual questions that the Court cannot resolve at the motion to dismiss stage).

processes involving chemical reactions, engineered fermentation, and purification techniques. Id. ¶¶ 11–12, 17–18, 21. Defendant's attempt to recast these supporting factual allegations using terms such as "synthetic," "manufactured," or "chemical" as competing definitions is a strawman. These terms do not introduce ambiguity. Plaintiff described how the challenged ingredients are made, thereby reinforcing the singular theory that the sodium phosphate and lactic acid are human-produced through chemical synthesis, and are therefore artificial. *Id.*

Defendant's assertion that the Court cannot understand the meaning of "artificial" ignores both the express definition pleaded and the detailed factual context provided. Plaintiff alleged that Products labeled "no artificial preservatives" contain preservatives created through human-directed chemical synthesis. *Id.* ¶¶ 9–10, 14–15, 20–21, 23. Plaintiff adequately alleged a plausible, commonly understood interpretation of Defendant's "No artificial Preservatives" labeling and facts showing why that representation is misleading. See *Hayes v. Kraft Heinz Co.,* No. 1:23-CV-16596, 2024 WL 4766319, at *4 (N.D. Ill. Nov. 13, 2024). Likewise, Defendant's argument that Plaintiff's definition is "too broad" and no reasonable consumer would adopt it mischaracterizes Plaintiff's allegations. Defendant's Mot. to Dismiss p. 11. Plaintiff's definition reflects

ordinary consumer understanding, not a contrived or technical interpretation. Plaintiff's First Amend. Compl. ¶ 23; See *Antossyan v. Kroger Co.*, No. 2:25-cv-05165-GW-MBKx, slip op. at 9 (C.D. Cal. Oct. 14, 2025). Consumers reasonably distinguish between ingredients that are naturally occurring and those that are industrially created through chemical synthesis. Id. ¶¶ 14–15, 18–21. Defendant's insistence that any amount of "human involvement" defeats Plaintiff's theory improperly reframes Plaintiff's allegations. Plaintiff does not allege that consumers expect the Products to be free from all human intervention. *Id.* Plaintiff alleges that consumers do not expect products labeled "no artificial preservatives" to contain preservatives that are themselves artificially produced. Id. ¶¶ 9, 21–23. Additionally, *Moore v. Trader Joe's Co.*, 4 F.4th 874 (9th Cir. 2021), does not support dismissal. *Moore* involved a claim premised on an interpretation that would require an impossibility, honey derived exclusively from a single floral source, which reasonable consumers understand cannot exist. *Id.* at 882–83. Here, Plaintiff does not allege an impossible standard. Alternative products without artificial preservatives or without "no artificial preservatives" labeling plainly exist, and consumers routinely rely on such labeling, or the lack thereof, to distinguish between products. Plaintiff's First Amend. Compl. ¶ 30–31.

Finally, Defendant's argument that Plaintiff fails to specify the "degree" of human involvement required improperly raises a factual dispute not suitable for resolution on a motion to dismiss. See *Hayes v. Kraft Heinz Co.,* No. 1:23-CV-16596, 2024 WL 4766319, at *4 (N.D. Ill. Nov. 13, 2024). Plaintiff alleges that sodium phosphate and lactic acid are produced through extensive industrial processes involving chemical synthesis, and that they function to retard deterioration within the meaning of applicable regulations. Plaintiff's First Amend. Compl. ¶ 10–12, 18–21. Whether those processes render the ingredients "artificial" in the eyes of a reasonable consumer is a question of fact. *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008)  Plaintiff has plausibly alleged that reasonable consumers are misled, that they relied on the "no artificial preservatives" representation, and that they suffered economic injury as a result. Id. ¶¶ 22, 30–32, 34–37. That is sufficient to survive dismissal, and Defendant's motion should be denied.

## B. PLAINTIFF'S OMISSION CLAIMS SHOULD NOT BE DISMISSED

Plaintiff's omission allegations are actionable because they are tethered to Defendant's affirmative representation. A duty to disclose exists where the defendant suppresses material facts. "…[A]n omission is actionable under the CLRA if the omitted fact is (1) contrary to a material representation actually made

by the defendant or (2) is a fact the defendant was obliged to disclose." *Gutierrez v. Carmax Auto Superstores California,* 19 Cal. App. 5th 1234, 1258, 248 Cal. Rptr. 3d 61, 84 (2018), as modified on denial of reh'g (Feb. 22, 2018) (internal quotations omitted).

Here, Defendant represented that the Products contain "no artificial preservatives," while omitting that the Products in fact contain artificially produced preservatives. Plaintiff's First Amend. Compl. ¶ 9–10, 14–15, 18–21. Defendant's assertion that a partial omission theory cannot coexist with an allegation of falsity is incorrect. Courts routinely recognize that the same conduct can be framed as both an affirmative misrepresentation and a misleading omission. *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008); *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997) (holding that a duty arises when the defendant had exclusive knowledge of material facts not known to the plaintiff or actively conceals a material fact from the plaintiff). Liability attaches where a representation, viewed in context, misleads consumers by concealing material information. *See LiMandri v. Judkins,* 52 Cal. App. 4th 326, 336 (1997). Here, the Complaint plausibly alleges that the "no artificial preservatives" statement is misleading precisely because it omits the presence and nature of the preservatives actually used. Compl. ¶¶ 9, 21–23. Additionally, Defendant's argument regarding

"pure omissions" is irrelevant. Plaintiff's theory does not depend on a free-standing duty to disclose under *Hodsdon v. Mars, Inc.*, 891 F.3d 857 (9th Cir. 2018), because Defendant made a false affirmative statement to Plaintiff. By choosing to label its Products as containing "no artificial preservatives," Defendant assumed a duty to speak truthfully and not omit facts that would render that representation misleading.

## C. PLAINTIFF HAS STANDING TO BRING CLAIMS FOR ALL PRODUCTS LISTED IN THE FIRST AMENDED COMPLAINT

Defendant challenged Plaintiff's statutory standing to assert his claims regarding the Products he did not personally purchase.  However, Plaintiff has established his standing to pursue claims for violation of the FAL, UCL, and CLRA against Defendant. Plaintiff's First Amend. Compl. Supra. Determining whether Plaintiff may represent the claims of consumers who purchased Defendant's other Products explicitly requires determining whether common legal or factual questions can be resolved by the Court, whether Plaintiff's claims are the same or typical of the claims of purchasers of the other Products, whether there are enough purchases of other Products by other people to warrant Plaintiff representing them, and whether Plaintiff can adequately represent their interests.

Cases involving false advertising on a company's standard packaging or otherwise at the point of sale are particularly ripe for application on a broad class

wide basis.[4]  In these cases, as in the case at bar, there was one singular type of mislabeling that applies in the exact same way to all the falsely advertised products.  *See e.g. Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523 (N.D. Cal. 2012) (certifying a class of all purchasers of the popular Arizona Iced Tea brand beverages in a false advertising case premised on statements that the beverages were labeled "all natural"); *Medrazo v. Honda of North Hollywood,* 82 Cal.Rptr.3d 1 (2008) (certifying a class of all purchasers of motorcycles of numerous makes and models that did not have hanger tags); *Ortega v. Natural Balance, Inc.*, 300 F.R.D. 422 (C.D. Cal. 2014) (holding that typicality is met where a class representative is exposed to the same misleading packaging as the proposed class which they seek leave to represent).  As the 7th Circuit noted in the

---

[4] *Bruton v. Gerber Products Company*, 961 F.Supp.2d 1062 (N.D.Cal.2013) (Baby food manufacturer's products bought by consumer were misbranded and deceptive, due to common labeling that stated "excellent source" and "good source" claims on label.); *Von Koenig v. Snapple Beverage Corp.*, 713 F.Supp.2d 1066 (E.D. Cal. 2010) (beverage manufacturer's mislabeling its drinks as "natural" was upheld as unlawful conduct in mislabeling class action); *Allen v. Hyland's Inc.*, 300 F.R.D. 643 (C.D. Cal. 2014); *Guido v. L'Oreal, USA, Inc.*, 284 F.R.D. 468 (C.D. Cal. 2012) (court certified product mislabeling claims in product packaging class action where packaging failed to disclose anti-frizz hair care serum was flammable, even where the danger of such product catching fire did not materialize for the majority of consumers who purchased the product – affirmed on reconsideration 2012 WL 2458118); *Bruno v. Quten Research Inst., LLC*, 280 F.R.D. 524 (C.D. Cal. 2011) (Certification granted for mislabeling class claims where common advertisements promised dietary supplements offered "up to six times" more absorption and effectiveness than competing products).

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

19

case of *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 755 (7th Cir. 2014), "[t]he question whether the GSC packaging was likely to mislead a reasonable consumer is common to the claims of every class member."  Stated otherwise, where all class members were exposed to the same packaging, and same advertisements at the point of sale when purchasing products, which contained the same allegedly misleading statements, such a case is ideal for class-wide treatment. The overwhelming majority of district court class certification orders agree that classes may be certified on a broader basis than the product purchased by the plaintiff.[5]

In this case, Plaintiff defined the products as a singular line of products that Plaintiff identified by picture. Plaintiff's First Amend. Compl. ¶ 9, 26. Plaintiff alleged that the Product labeling claiming that the Products contained "no artificial preservatives" which is objectively false because the Products contain

---

[5] *See Forcellati v. Hyland's, Inc., 2014 WL 1410264 at *10 (C.D. Cal 2014); Werdebaugh v. Blue Diamond Growers, 2014 WL 2191901 at *17 (N.D. Cal 2014); Brazil v. Dole Packaged Foods, LLC, 2014 WL 2466559 at *10 (N.D. Cal 2014); Davidson v. Apple, Inc., 2018 WL 2325426 at *8-9 (N.D. Cal 2018); Lanovaz v. Twinings North America, Inc., 2014 WL 1652338 at *4 (N.D. Cal 2014); Rivera v. Bio Engineered Supplements & Nutrition, Inc.,* WL 4906433 at *6-7 (C.D. Cal 2008); Bruno v. Quten Research Inst., LLC, 280 F.R.D. 524, 534- 535 (C.D. Cal. 2011); Astiana v. Kashi Co., 291 F.R.D. 493, 505 (S.D. Cal. 2013); Todd v. Tempur-Sealy International, Inc., 2016 WL 5746364 at *5 (N.D. Cal. 2016); Lilly v. Jamba Juice Co., 308 F.R.D. 231 (N.D. Cal. 2014); Krommenhock v. Post Foods, LLC, 334 F.R.D. 552, 562 (N.D. Cal. 2020)*

sodium phosphate and lactic acid. Plaintiff's First Amend. Compl. ¶ 19-21. Plaintiff has adequately alleged that as a result of Defendant's conduct he has suffered an injury. *id*. ¶43. Plaintiff's allegations must be taken as true at the pleading stage, and Plaintiff alleges that the conduct which happened to him was common across all of the Products.

### D. PLAINTIFF'S PUNITIVE DAMAGES CLAIMS SHOULD NOT BE STRICKEN

Defendant's argument that Plaintiff's punitive damages should be stricken is premature and ignores allegations in the First Amended Complaint. "The CLRA prohibits deception and permits recovery of punitive damages…" *Benson v. S. California Auto Sales, Inc.,* 239 Cal. App. 4th 1198, 1210, 192 (2015). Punitive damages are recoverable in those fraud actions involving intentional, but not negligent, misrepresentations. *All. Mortg. Co. v. Rothwell,* 10 Cal. 4th 1226, 1241, (1995). The court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to plaintiffs. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

Plaintiff's claims for the violation of the CLRA are indicative of fraudulent conduct, and are sufficient to establish that Plaintiff may seek punitive damages. Plaintiff provided sources that support the inference that sodium phosphate and

lactic acid are well-known preservatives and are well documented for their use as preservatives. Plaintiff's First Amend. Compl. ¶ 11-21. Yet, Defendant intentionally labeled its Product with explicit promises that the Product would contain "No Artificial Preservatives". *Id.* There is a reasonable inference to be drawn at this stage that Defendant intentionally mislabeled the Products. See *Parks,* 51 F.3d at 1484

### E. PLAINTIFF HAS STANDING TO SEEK INJUNCTIVE AND DECLARATORY RELIEF

First, in the context of a private injunction, Plaintiff must specifically show that there is a threat of a similar injury in the future to establish standing for her claims. *Henderson v. Gruma Corp.,* 2011 WL 1362188, at *7 (C.D. Cal. Apr. 11, 2011). Specifically, the Ninth Circuit has held as follows:

> "We hold that a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an "actual and imminent, not conjectural or hypothetical" threat of future harm…Knowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future. In some cases, the threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to."

*Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103, 1115 (9th Cir. 2017). Following *Davidson*, the Ninth Circuit examined the requirements for alleging an imminent injury in a consumer products class action context in *In Re Coca-Cola (II)*. *In Re Coca-Cola Prod. Mktg. & Sales Pracs. Litig. (No II),* No. 20-15742, 2021 WL 3878654 (9th Cir. Aug. 31, 2021). Specifically, the Ninth Circuit held that none of the plaintiffs alleged a desire to purchase the Coke product as advertised, or any other fashion of a concrete, imminent injury. *In Re Coca-Cola (No II),* 2021 WL 3878654 at 2*.

Second, Plaintiff seeks public injunctive relief on behalf of the California general public. *First Amended Complaint,* ¶ 77. Plaintiff has adequately alleged that Defendant's continued conduct will harm members of California's general public who are not aware of Defendant's misconduct. *Id.* ¶¶9-22, 26-34*; See McGill v. Citibank, N.A.* 2 Cal.5th 945, 958 (2017). [P]ublic injunctive relief under the UCL, the CLRA, and the false advertising law is relief that has 'the primary purpose and effect of prohibiting unlawful acts that <u>threaten future injury to the general public</u>. *Jack v. Ring LLC* 2022 WL 20489261 at *7 (Cal.Super., Mar. 18, 2022, No. CGC-20-588258), quoting *McGill v. Citibank, N.A.* 2 Cal.5th 945, 958 (2017) (emphasis added). Public injunctive relief must

"by and large benefit[] the general public and … the plaintiff, if at all, only incidentally and/or as a member of the general public." *Id*.

Here, Plaintiff's allegations meet both the private and public injunction standards. Plaintiff alleged that he regularly visits stores carrying Defendant's products and is likely to be exposed to Defendant's labeling in the future. Plaintiff's First Amend. Compl. ¶ 39. Additionally, unlike the plaintiffs in *In Re Coca-Cola* Plaintiff explicitly alleged that he may purchase the Products in the future and desires to purchase truly preservative free products, like what the Products are advertised to be. *Id.* ¶ 29, 39, 40; *In Re Coca-Cola (No II),* 2021 WL 3878654 at 2*. By way of contrast, the cases in which courts found a plaintiff to lack standing have been only where the record made clear that there is no plausible set of facts that would entitle the plaintiff to injunctive relief.[6] Additionally, Plaintiff adequately alleged that these misrepresentations caused an injury to members of the California public. *Id,* at ℙ28-33. Plaintiff explicitly seeks public injunctive relief for Defendant's violations of the UCL, therefore Plaintiff is required to establish future injury to the general public of California. *Jack v.*

---

[6] See, e.g., *Nelsen v. King County*, 895 F.2d 1248, 1252 (9th Cir. 1990) *Castagnola v. Hewlett-Packard Co.,* 2012 WL 2159385, *5 (N.D. Cal. June 13, 2012); *Campion v. Old Republic Home Prot. Co., Inc.,* 861 F. Supp. 2d 1139, 1150 (S.D. Cal. 2012).

*Ring LLC,* 2022 WL 20489261 at \*7 (Cal.Super., Mar. 18, 2022, No. CGC-20-588258). Plaintiff provided clear allegations establishing imminent threat of harm to himself and the California public. Plaintiff's First Amend. Compl. ¶28-33.

### F.   PLAINTIFF AGREES TO DISMISS HIS NATIONWIDE CLAIMS WITHOUT PREJUDICE TO NARROW THE ISSUES BEFORE THE COURT.

Defendant's argument in support of striking Plaintiffs' claims on behalf of nationwide consumers prematurely seeks to resolve disputed factual issues about whether a nationwide class may be certified. However, in an effort to narrow issues as litigation continues, Plaintiff agrees to voluntarily dismiss his nationwide class allegations without prejudice.

## V.   CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests the Court deny Defendant's Motion to Dismiss Plaintiff's First Amended Complaint with prejudice, order Defendant to file an Answer to Plaintiff's First Amended Complaint, and award such other relief as the Court deems appropriate under the circumstances.

///

///

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

25

Dated:  April 3, 2026

Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN, P.C

By: /s/ Todd M. Friedman
TODD M. FRIEDMAN, ESQ.
Attorney for Plaintiff

**PROOF OF SERVICE**

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and not a party to the above-entitled cause. On April 3, 2026, I served a true copy of the Plaintiff's Opposition to Defendant's Motion to Dismiss First Amended Complaint on all counsel of record via the ECF Filing System:

Executed on April 3, 2026.

[X] I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

[  ] I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

[X] I hereby certify under the penalty of perjury that the foregoing is true and correct.


By:       /s/ Todd M. Friedman
          Todd M. Friedman, Esq.
          Attorney for Plaintiff

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

27