Shawn Obi (SBN: 288088)
Shawn.Obi@winstontaylor.com
333 S. Grand Ave., Ste 3800
Los Angeles, CA 90071
Telephone: +1-213-615-1700

*Attorney for Defendant*
*Bob Evans Farms, Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DOTSON, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BOB EVANS FARMS, INC., <br><br> Defendant. | Case No. 2:25-cv-11993-MWC-DSR <br><br> **STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER** <br><br> [Discovery Matter: Referred to Magistrate Judge Daniel S. Roberts] <br><br> *NOTE CHANGES BY COURT IN ITALICS* <br><br> Complaint Removed: December 18, 2025 <br> Amended Complaint: January 30, 2026 |

---

1.      INTRODUCTION

    1.1      PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

    1.2      GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or the common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials,

to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**IT IS HEREBY STIPULATED**, subject to the approval of the Court, that:

1.    **APPLICABILITY OF THE PROTECTIVE ORDER**.

This Stipulated Protective shall govern for pre-trial purposes the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure by or from a Party in connection with the Action (this information hereinafter referred to as "Discovery Material").  All references to "Party," "Receiving Party," "Producing Party" or "Designating Party" throughout this Order are intended to include third parties.

*Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.*

2.    **DESIGNATION OF MATERIAL AS "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL"**

Any Producing Party may designate Discovery Material as "Confidential" or "Highly Confidential" under the terms of this Order if the Producing Party in good faith reasonably believes that such Discovery Material contains non-public, confidential, personal, proprietary or commercially sensitive information that requires protections provided in this Order (hereinafter referred to as "Confidential Material"

or "Highly Confidential Material").

a. **"CONFIDENTIAL Material."** For purposes of this Order information considered to be CONFIDENTIAL includes any information that a Party believes in good faith to be confidential or sensitive non-public information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in Rule 26(c)(l)(G) of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(l)(G).

b. **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Material."** For purposes of this Order, Highly Confidential Material shall include, but is not limited to, any Confidential Information or Items as defined herein, which also includes non-public product design and testing information or extremely sensitive, highly confidential, non-public information, consisting either of trade secrets or proprietary or other highly confidential business, financial, regulatory, or strategic information (including information regarding business plans, technical data, and non-public designs), the disclosure of which would create a substantial risk of competitive or business injury to the Producing Party.

c. " Highly Confidential" shall also include "Protected Data."[1] In the event that a party in good faith believes that certain Protected Data compels alternative or

---

[1] **Protected Data.** Protected Data shall refer to any information that a party believes in good faith to be subject to federal, state or foreign data protection laws or other privacy obligations. Per Section 2.b., Protected Data constitutes highly sensitive materials requiring special protection. Examples of such data protection laws include but are not limited to The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq*. (financial information); The Health Insurance Portability and Accountability Act, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information); the General Data Protection Regulation (GDPR): Regulation (EU) 2016/679 of the European Parliament and of the Council of 27 April 2016 on the protection of natural persons with regard to the processing of personal data and on the free movement of such data, and repealing Directive 95/46/EC (General Data Protection Regulation), OJ 2016 L 119/1; Personal Information Protection and Electronic Documents Act (PIPEDA), S.C. 2000, c. 5 (Canada personal information); The Federal Law on Protection of Personal Data held by Private Parties (published July 5, 2010) (Mexico personal information); and Act on the Protection of Personal Information (Japan personal information) and Japan's Protection of Personal Information Act (2023). Any party may redact Protected Data that it claims, in good faith, requires protections under the terms of this Order. Protected Data, however, shall not be redacted from Discovery Material to the extent it directly relates to or identifies an individual named as a party in this Litigation. Protected Data of an individual named as a party shall otherwise receive the same protections and treatment afforded to other Protected Data under this Protective Order.

additional protections beyond those afforded Highly Confidential Material, the parties shall meet and confer in good faith, and, if unsuccessful in agreeing upon protection, the Producing Party shall move the Court for appropriate relief within fifteen (15) days.

c.      Confidential Material and Highly Confidential Material are collectively defined as "Covered Information."

2.      DEFINITIONS

2.1      Action: *Michael Dotson v. Bob Evans Farms, Inc.*, C.D. Cal. No. 2:25-cv-11993-MWC-DSR.

2.2      Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

Material:

2.3      Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4      Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5      Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.6      Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.7      Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.8      Professional Vendors: persons or entities that provide litigation support

services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.   **MARKING OF DOCUMENTS**.   The designation of Discovery Material as Confidential Material or Highly Confidential Material or Protected Data for purposes of this Order shall be made in the following manner:

a.   **TIFF Documents**.   In the case of documents or other materials (apart from depositions or other pre-trial testimony), designation shall be made by affixing the legend "Confidential" or "Highly Confidential" to all pages in each document containing any Confidential Material or Highly Confidential Material, respectively.

b.   **Native Documents**.   With respect to documents or materials containing Covered Information produced in Native Format, the Designating Party shall include the highest level of confidentiality

c.   **Designating Depositions**.   With respect to any deposition, confidential treatment may be invoked by designating specific pages and/or lines as "Confidential" or "Highly Confidential" on the record at the deposition, or by serving such designations within 30 days after receipt of the transcript of the deposition in which the designations are made. All deposition transcripts shall be treated as Highly Confidential for 30 days following receipt of the transcript.

d.   **Non-Written Materials**.   Any non-text Covered Information (e.g., videotape, audio tape, computer disk, etc.) may be designated as such by labeling the outside of such material as "Confidential" or "Highly Confidential".   In the event a Receiving Party generates any "hard copy" transcription or printout from any such designated non-written materials, the person who generates such "hard copy" transcription or printout shall take reasonable steps to maintain the confidentiality of such materials and properly identify and stamp each page of such material as "Confidential" or "Highly Confidential" consistent with the original designation by the Producing Party.

4.    **DISCLOSURE OF COVERED INFORMATION**.  The failure to designate Covered Information does not constitute a waiver of such claim and may be remedied by prompt supplemental written notice upon discovery of the disclosure, with the effect that such Covered Information will be subject to the protections of this Order. The Receiving Party shall exercise good faith efforts to ensure that copies made of Covered Information produced to it, and copies made by others who obtained such Covered Information directly or indirectly from the Receiving Party, include the appropriate confidentiality legend, to the same extent that the Covered Information has been marked with the appropriate confidentiality legend by the Producing Party.

5.    **MATERIALS PREPARED BASED UPON COVERED INFORMATION**. Any notes, lists, memoranda, indices, compilations, or other materials prepared or based on an examination of Covered Information, that quote from or paraphrase Covered Information with such specificity that the Covered Information can be identified shall be accorded the same status of confidentiality as the underlying Covered Information from which they are made, shall be designated with the appropriate confidentiality legend, and shall be subject to all of the terms of this Protective Order.

6.    **NOTICE TO THIRD PARTIES**.  Any Party issuing a subpoena to a third party shall enclose a copy of this Protective Order and advise the third party that, to the extent the third party intends to produce Confidential Material or Highly Confidential Material subject to the protection of this Protective Order, the third party shall notify the issuing Party at the time of production and follow the procedures set forth herein.

7.    **GOOD-FAITH BELIEF**.  For purposes of this Order, the Party designating Discovery Material as "Confidential" or "Highly Confidential" (the "Designating Party") bears the burden of establishing the appropriate designation of all such Discovery Material.  The designation of any Discovery Material as "Confidential" or "Highly Confidential" pursuant to this Order shall constitute the verification by the

Designating Party and its counsel that the material constitutes "Confidential" or "Highly Confidential" as defined above. Blanket designation of documents or information as "Confidential" or "Highly Confidential" without regard to the specific contents of each document or piece of information is prohibited.

If at any time prior to the trial of this Action a Party realizes that previously produced Discovery Material should be designated as "Confidential" or "Highly Confidential" the Party may so designate by advising all other Parties in "Confidential" or "Highly Confidential" designation as described above. The designated documents or material will thereafter be treated as "Confidential" or "Highly Confidential" pursuant to this Order. Upon receipt of such designation in writing and re-production of the material with the "Confidential" or "Highly Confidential" stamp, the Parties and other persons subject to this Order shall take reasonable and appropriate steps to notify any and all recipients of the Discovery Material about the protected status of the newly designated "Confidential" or "Highly Confidential" and to retrieve the newly designated "Confidential" or "Highly Confidential" from any person who is not permitted by this Order to have Confidential Information.

No Party receiving Covered Information shall be under any obligation to object to the designation of any document at the time such designation is made or at any time thereafter. No Party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time.

8.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

*Dotson v. Bob Evans Farms, Inc.*, Case No. 2:25-cv-11993-MWC-DSR
Stipulated Protective Order and [Proposed] Order

including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

*Notwithstanding the preceding paragraph, once a case proceeds to trial, all of the court-filed information to be introduced that was previously designated as confidential or maintained pursuant to this protective order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  See Kamakana v. City and Cty. of Honolulu, 447 F.3d 1172, 1180-81 (9th Cir. 2006)  (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).  Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.*

5.    <u>DESIGNATING COVERED INFORMATION</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 <u>Manner of Designations</u>

Designation in conformity with this Order requires:

(a)    a Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has

9

indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Covered Information. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    a Party or Non-Party may designate the transcript of any deposition in this action, or any portion thereof, including exhibits thereto, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by either so advising the court reporter and the Parties on the record during the taking of the deposition or within thirty (30) days after receipt of the deposition transcript by written designation served upon the Parties.  If all or any portion of a deposition is designated as being subject to this Protective Order, the court reporter and any Parties possessing any transcripts shall label the cover page of each transcript or copy thereof to state that the deposition includes as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", and shall label as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" each of the pages of the transcript or exhibits that contain Covered Information.

(c)    for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all covered testimony. Alternatively, the Designating Party may identify the protected portion(s) of a deposition transcript in writing within thirty (30) days of receipt of the deposition transcript.

(d)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(e)     if responses to interrogatories, requests for admission, or other written responses to discovery quote, summarize, or contain Covered Information, the Parties may designate them as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by marking the face of any such response with one of the legends set forth above and indicating the page and line references of the material that are to be subject to this Protective Order.

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items will not result in or be construed as a waiver, in whole or in part, of (a) the producing Party's claims of confidentiality either as to the specific information disclosed or more generally as to the subject matter of the information disclosed, or (b) the Party's right to later designate the material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Protective Order.  In the event that a Party produces any Covered Information without attaching one of the legends described in Paragraph 5.2 above, the Party may subsequently designate the material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at any time by forwarding to the opposing Party copies of the material bearing one of the legends required by Paragraph 5.2 and requesting that the opposing Party destroy all prior copies of the Covered Information.  Upon receipt of such a request, the opposing Party shall destroy all copies of the Covered Information as originally produced and replace them with copies bearing the appropriate confidentiality legend.

*Dotson v. Bob Evans Farms, Inc.*, Case No. 2:25-cv-11993-MWC-DSR
Stipulated Protective Order and [Proposed] Order

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's pretrial orders.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq.* or follow the procedures for informal, telephonic discovery hearings on the Court's website. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the *Parties may file a Discovery Motion in compliance with Local Rules 37-2 through 37-4* (and in compliance with Civil Local Rule 79-5, if applicable).

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF COVERED INFORMATION

      7.1 <u>Basic Principles.</u>  A Receiving Party may use Covered Information that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Covered Information shall not be used for any other purpose without separate written agreement of the Party that produced the Covered Information. Such Covered Information may be disclosed only to the categories of persons and under the conditions described in this Order. All other disclosure and use of Covered Information during the pendency of this action or after its termination are hereby prohibited.  Nothing in this Protective Order, however, precludes a Party from making disclosures to government authorities to the extent that it is required to disclose Covered Information by law. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION). Covered Information must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

      Any copy made of Covered Information shall have the same status as the original.  Covered Information shall be used (if otherwise relevant and admissible) solely for the litigation of this action.

      Any person in possession of another Party's Covered Information shall exercise the same care with regard to the storage, custody, or use of Covered Information as they would apply to their own material of the same or comparable sensitivity. Receiving Parties must take reasonable precautions to protect Covered Information from loss, misuse and unauthorized access, disclosure, alteration and destruction, including but not limited to:

      (a) Covered Information in electronic format shall be maintained in a secure litigation support site(s) that applies standard industry practices regarding data security, including but not limited to application of access control rights to those

13

*Dotson v. Bob Evans Farms, Inc.*, Case No. 2:25-cv-11993-MWC-DSR

Stipulated Protective Order and [Proposed] Order

persons entitled to access Covered Information under this Order;

(b) Any Covered Information downloaded from a litigation support site in electronic format shall be stored only on devices (e.g. laptop, tablet, smartphone, thumb drive, portable hard drive) that are password protected and/or encrypted with access limited to persons entitled to access Covered Information under this Order.  If the user is unable to password protect and/or encrypt the device, then the Covered Information shall be password protected and/or encrypted at the file level;

(c) Covered Information in paper format is to be maintained in a secure location with access limited to persons entitled to access Covered Information under this Order;

(d) Summaries of Covered Information, including any lists, memorandum, indices or compilations prepared or based on an examination of Covered Information, that quote from or paraphrase Covered Information in a manner that enables it to be identified shall be accorded the same status of confidentiality as the underlying Covered Information;

(e) If the Receiving Party is shipping data in electronic format, the recipient shall encrypt the data prior to shipping and provide the encryption key in separate correspondence.  If hard copy documents are shipped, the Receiving Party will ship the documents using secure packaging tape via Federal Express or UPS and retain a tracking number for the materials.

(f) Absent notice and permission by the producing Party, the Receiving Party shall not use any application, software, or analytical solution that will transmit, transfer or allow access to any person, entity or organization not authorized to have access to Covered Information under the terms of this Order.

(g) Absent notice to and permission from the producing Party, any person or entity authorized to have access to Covered Information under the terms of this Order shall not use or employ any application, service, or analytical software that will transfer, transmit, send or allow any external access to Covered Information (in whole

*Dotson v. Bob Evans Farms, Inc.*, Case No. 2:25-cv-11993-MWC-DSR
Stipulated Protective Order and [Proposed] Order

or in part) unless such application, service or analytical software is containerized (*i.e.*, does not transmit any Covered Information (including parts or summaries thereof) to any external system or network for the purpose of analysis, use or the generation of text outputs in response to queries, has the ability to track all information in the system (including access), and does not otherwise allow access to information by unauthorized persons.  For the avoidance of doubt, this restriction expressly applies to the use of public advanced large language models, "generative" AI tools, and other advanced AI systems, including but not limited to public versions of OpenAI GPT, ChatGPT3/4 *et seq*., Google Bard, Meta LLAMA, MidJourney, DALL-E, and Stable Diffusion.

(h) If the Receiving Party discovers a breach of security relating to the Covered Information of a Producing Party, the Receiving Party shall: (1) provide written notice to the Producing Party of the breach within 48 hours of the Receiving Party's discovery of the breach; (2) investigate and remediate the effects of the breach, and provide the Producing Party with assurance reasonably satisfactory to the Receiving Party that the breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can ascertain the size and scope of the breach. The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure

15

*Dotson v. Bob Evans Farms, Inc.*, Case No. 2:25-cv-11993-MWC-DSR
Stipulated Protective Order and [Proposed] Order

is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Covered Information may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees and subcontractors of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have

signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)    the Parties to the litigation, provided they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    Designated In-House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    any mediator(s) or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information and their attorneys.

Disclosure of Covered Information in accordance with this Protective Order shall not effect, nor shall it be deemed to effect, a waiver of the attorney-client privilege, the work-product immunity, or any other privilege or immunity from disclosure to which such Covered Information may be entitled, whether in this action or in any other action or as to any non-party.

This Protective Order shall not prevent the Parties from using or disclosing their own documents and other materials in any manner for any business or personal

reason, notwithstanding their designation as Covered Information subject to this Protective Order.  The use or disclosure by a Party of its own documents or materials shall not terminate, waive or otherwise diminish in any way the status of such documents or materials as Covered Information subject to this Protective Order.

8.      COVERED INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Covered Information may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.      A  NON-PARTY'S  COVERED  INFORMATION  SOUGHT  TO  BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-

Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protection.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Covered Information.

10.   UNAUTHORIZED DISCLOSURE OF COVDERED INFORMATION

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Covered Information to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in

writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Covered Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE COVERED INFORMATION

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

12.    MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Covered Information. A Party that seeks to file under seal any Covered Information must comply with Civil Local Rule 79-5. Covered Information may only be filed under seal pursuant to a court order authorizing the sealing of the specific Covered Information at issue. If a Party's request to file Covered Information under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.    FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 8, within 60 days of a written request by the Designating Party, each Receiving Party must return all Covered Information to the Producing Party or destroy such material. As used in this subdivision, "all Covered Information" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Covered Information. Whether the Covered Information is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Covered Information that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Covered Information. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Covered Information. Any such archival copies that contain or constitute Covered Information remain subject to this Protective Order as set forth in Section 8 (DURATION).

14.     Any willful violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.

Dated:  July 28, 2026

WINSTON TAYLOR LLP

By: _____*/s/ Shawn Obi*_____
Shawn R. Obi (SBN: 288088)
Shawn.Obi@winstontaylor.com
333 S. Grand Ave., Ste 3800
Los Angeles, California 90071
Telephone: +1-213-615-1700

*Attorney for Defendant*
*Bob Evans Farms, Inc.*

Dated:  July 28, 2026

LAW OFFICES OF
TODD M. FRIEDMAN, P.C.

By: _____*/s/ Todd M. Friedman*_____

Todd M. Friedman (SBN: 216752)
Adrian R. Bacon (SBN: 280332)
23586 Calabasas Rd., Ste 105
Calabasas, CA 91302
Telephone: +1-323-306-4234

tfriedman@toddflaw.com
abacon@toddflaw.com

*Attorneys for Plaintiff*
*Michael Dotson*

**FOR GOOD CAUSE SHOWN, THE PARTIES' STIPULATED PROTECTIVE ORDER, AS MODIFIED BY THE COURT, IS APPROVED.**

**IT IS SO ORDERED.**

DATED:  August 3, 2026

_____
The Hon. Daniel S. Roberts
United States Magistrate Judge

## <u>SIGNATURE ATTESTATION</u>

The filer of this document attests that all signatories have concurred in its filing.

Dated: August 3, 2026                     By: */s/ Shawn Obi*
                                               Shawn Obi

---

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**print or type full name**], of _____ [**print or type full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [DATE] in the case of *Michael Dotson v. Bob Evans Farms, Inc.*, Case No. 2:25-cv-11993-MWC-DSR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [**print or type full name**] of _____ [**print or type full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____