UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-11993-MWC-DSR Date: August 20, 2026

Title: Michael Dotson v. Bob Evans Farms, LLC

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION FOR RECONSIDERATION RE ORDER DENYING JOINT STIPULATION EXTENDING CLASS CERTIFICATION DEADLINE AND MODIFYING CASE SCHEDULE (DKT. [45]) AND ISSUING ORDER TO SHOW CAUSE RE: SANCTIONS AND STATE BAR REFERRAL OF TODD M. FRIEDMAN.**

Before the Court is an *ex parte* Application (Dkt. # 45, "Application") filed by Plaintiff Michael Dotson ("Plaintiff") for Reconsideration of the Court's Prior Order Denying Joint Stipulation Extending Class Certification Deadline and Setting Dates for Briefing and Case Schedule (Dkt. # 44) ("Order"). *See* Dkt. # 45 ("*Appl.*"). In support of the Application, Plaintiff submitted the Declaration of Todd M. Friedman. Dkt. # 45-1 ("*Friedman Decl. ISO Appl.*"). Plaintiff represents that Defendant Bob Evans Farms, LLC ("Defendant") does not oppose the Application. *See Appl.* at 1, 9.

For the following reasons, the Court **DENIES** the Application. The Court **SETS** an **ORDER TO SHOW CAUSE Re: Sanctions and State Bar Referral of Todd M. Friedman** for breach of the duty of candor to the Court, to be held in-person in Courtroom 6A on August 28, 2026. The Court **ORDERS** Todd M. Friedman to file a Response to the Order to Show Cause on or before August 24, 2026.

I. Background

On February 18, 2026, the Court entered a scheduling order setting, among other deadlines, the Last Date to File Class Certification Motion for August 26, 2026, the Fact

Discovery Cut-Off for December 4, 2026, and the Expert Discovery Cut-Off for January 8, 2027. Dkt. # 27 at 3 ("*Scheduling Order*").

On August 7, 2026, less than three weeks before the Last Date to File Class Certification Motion, Plaintiff filed a Stipulation Extending Class Certification Deadline and Setting Dates for Briefing and Case Schedule (Dkt. # 43, "Stipulation") and in support thereof filed the Declaration of Todd M. Friedman (Dkt. # 43-1). *See* Dkt. # 43 ("*Stipulation*"); Dkt. # 43-1 ("*Friedman Decl. ISO Stipulation*"). The Stipulation sought to: extend the class certification by ninety-nine days to December 3, 2026; set the motion for class certification for hearing over four months later, on April 17, 2027; and extend additional deadlines in the scheduling order by ninety days. *Stipulation* at 2–3. The Stipulation asserted that this extension was necessary because "Defendant . . . need[s] more time to" produce responsive documents; "Plaintiff states that he must have responsive documents prior to filing a motion for class certification;" "document production is ongoing and depositions have not yet occurred[;]" and "Plaintiff states that he must retain expert witnesses for class certification purposes, who must rely on certain documents that Plaintiff asserts have not yet been produced in order to finalize their reports[.]" *Id.* at 2. Counsel for Plaintiff attested that Plaintiff propounded discovery requests to Defendant in April 2026, that the parties are "diligently engaged in" document production and scheduling depositions, and that "Plaintiff submits that he is unable to prove his burdens under Fed. R. Civ. Pro. 23 if he is unable to access the crucial information contained in the outstanding discovery." *Friedman Decl. ISO Stipulation* ¶¶ 2, 6, 7. On August 12, 2026, the Court issued an Order denying the Stipulation "for lack of good cause." *See Order* at 2.

On August 18, 2026, Plaintiff filed the instant Application seeking "reconsider[ation] and vacat[ur of] the Court's August 12, 2026[,] Order . . . and . . . an order granting the relief the Parties jointly requested in that Stipulation." *Appl.* at 6. In support of his Application, Plaintiff filed a second Declaration of Todd M. Friedman attesting that: Defendant served written objections to Plaintiff's First Set of Interrogatories and First Set of Requests for Production on May 13, 2026; Defendant circulated proposed search terms in mid-June 2026; and "Defendant's document production remains in process, no depositions have taken place, . . . and Plaintiff has not been able to retain and instruct a testifying expert on class certification issues because that expert requires the outstanding discovery to complete [their] analysis." *Friedman Decl. ISO Appl.* ¶¶ 2–4. Todd M. Friedman ("Friedman") also attests that "Plaintiff cannot demonstrate the elements required for class certification" and that counsel is "not aware of any means by which Plaintiff could make the Required Rule 23 showings without the discovery that Defendant

has not produced to date." *Id.* ¶ 5. Friedman asserts that in his "extensive experience as appointed class counsel . . . class certification cannot be responsibly pursued without completion of the discovery that remains outstanding in this case." *Id.* ¶ 10. Friedman offers his "professional judgment that it is neither advisable nor realistically possible to seek certification of a class in this case without first obtaining testimony from Defendant's corporate designee pursuant to Rule 30(b)(6)[.]" *Id.* Plaintiff asserts that the Application is unopposed. *Appl.* at 3, 6, 9.

## II. Legal Standards

### A. *Ex Parte* Applications

*Ex parte* applications are solely for extraordinary relief and are rarely granted. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995); Dkt. # 12, *Standing Order*, ¶ 11 ("Ex parte applications are solely for extraordinary relief, are rarely granted, and should be used with discretion."). In order to justify *ex parte* relief, the moving party must establish: (1) that its "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures[;]" and (2) that it "is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Mission Power*, 883 F. Supp. at 492. "To show irreparable prejudice, it will usually be necessary to refer to the merits of the accompanying proposed motion, because if it is meritless, failure to hear it cannot be prejudicial." *Id.* "To show that the moving party is without fault, or guilty only of excusable neglect, requires more than a showing that the other party is the sole wrongdoer. It is the creation of the crisis—the necessity for bypassing regular motion procedures—that requires explanation." *Id.* at 493.

### B. Rule 16

A scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Once a district court enters a scheduling order, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Hartzell v. Marana Unified Sch. Dist.*, 130 F.4th 722, 745 (9th Cir. 2025); *Thompson v. BMW of N. Am.*, 334 F.R.D. 230, 223 (C.D. Cal. 2020); C.D. Cal. L.R. 16-14. District courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." *Id.* at 16(b)(3). Once entered by the court, a scheduling order "controls the course of the action unless the court

modifies it." *Id*. at 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 610 (9th Cir. 1992). As such, a scheduling order is "the heart of case management." *Koplove v. Ford Motor Co*., 795 F.2d 15, 18 (3rd Cir. 1986). In the Ninth Circuit, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. In other words, if the scheduling order could not have been met despite the diligence of the party seeking the extension, modification may be appropriate. *See id*. If the party was not diligent, however, the inquiry ends. *See id*.

It is well-established that the "good cause" standard "primarily considers the diligence of the party seeking" modification of the Court's scheduling order, and "if that party was not diligent, the inquiry should end." *Hartzell*, 130 F.4th at 745 (cleaned up); *see also Thurber v. Costco Wholesale Corp.*, No. 5:25-cv-00005-DTB, 2025 WL 4058320, at *2 (C.D. Cal. Dec. 30, 2025) ("While no one factor is necessarily dispositive, the Ninth Circuit has instructed that the primary focus should be on whether the party seeking to reopen discovery has acted diligently.") (internal quotation marks and citation omitted); "Relevant inquiries into diligence include: whether the movant was diligent in helping the court to create a workable Rule 16 order; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent." *United States ex rel. Terry v. Wasatch Advantage Grp., LLC*, 327 F.R.D. 395, 404 (E.D. Cal. 2018) (cleaned up); *Tisdale v. Apria Healthcare LLC*, No. 2:24-cv-09620-AH (PYCx), 2025 WL 1674419, at *3 (C.D. Cal. May 22, 2025) (same).

## III. Discussion

To satisfy the first *Mission Power* factor, Plaintiff must show that his cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed procedures. *Mission Power*, 883 F. Supp. at 492. If the Court were to evaluate a motion to modify the scheduling order under regular noticed procedures, the earliest the Court would have all briefing would be September 18, 2026, after the August 26 deadline to file a motion for class certification would have passed. See L.R. 6-1. Accordingly, the Court finds that Plaintiff's cause would be irreparably prejudiced if the underlying motion to modify the scheduling order is heard according to regular noticed procedures.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-11993-MWC-DSR Date: August 20, 2026

Title: Michael Dotson v. Bob Evans Farms, LLC

Turning to the second *Mission Power* factor, Plaintiff must show that he is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred due to excusable neglect. *See Mission Power*, 883 F. Supp. at 492. Plaintiff must further show that he was diligent in obtaining discovery in preparation to file a motion for class certification, and that he was diligent in seeking amendment once the need to amend became apparent. Plaintiff's Application fails this factor on all such grounds.

The Application focuses on Plaintiff's inability to file a motion for class certification without the benefit of full responses to certain outstanding discovery requests and prior to taking any depositions. *See generally Appl.*; *Friedman Decl. ISO Appl.* Plaintiff states that the parties have cooperated and diligently engaged in discovery, but places blame on the "practical realities of the volume of [ESI] involved and the time reasonably required to complete the ESI protocol." *Appl.* at 11. While there very well may be a large volume of ESI to sift through, Plaintiff provides no explanation for why he did not seek to prioritize discovery related to the narrower issue of class certification. Instead, Plaintiff offers generalized statements that the outstanding discovery must be completed before filing for class certification and offers the Court only vague information regarding the substance and importance of outstanding discovery. *See, e.g., Friedman Decl. ISO Appl.* ¶ 5 ("Plaintiff cannot demonstrate the elements required for class certification . . . without the customer, sales, and product data that Defendant has not yet produced."); *see also Appl.* at 10–12 (failing to specify contents and basis for necessity of outstanding discovery). But Plaintiff's broad assertions that the outstanding discovery is "necessary" do not satisfy *Mission Power*. *See, e.g., Garcia v. Dolex Dollar Express, Inc.*, No. 223CV02013MEMFAS, 2023 WL 6170339, at *1 (C.D. Cal. Aug. 24, 2023) (denying *ex parte* application to extend class certification deadline to complete outstanding discovery where "[Plaintiff] has not set forth any reason why the supplemental responses that are still outstanding have any bearing on the motion for class certification. Even assuming the discovery is relevant to class certification, the timing of events does not support ex parte relief here.").

The Court finds that, despite Plaintiff's counsel's "extensive experience as appointed class counsel and in litigating contested motions for class certification," Plaintiff has not demonstrated his *own* diligence in pursuing the discovery necessary to support a motion for class certification. *Friedman Decl. ISO Appl.* ¶ 10; *see Millsaps v. Pinal Cnty. Sup. Ct.*, 494 Fed. Appx. 821, 823 (9th Cir. 2012) (stating that the party moving to modify the scheduling order has the burden of showing diligence); *Yang v. ActioNet, Inc.*, No. CV 14-00792-AB (SHx), 2015 WL 13385917, at *2 (C.D. Cal. July 21, 2025) (same).

Indeed, Plaintiff's realization at the eleventh hour that he may have squandered his ability to certify a class does not constitute the "diligence" or "excusable neglect" provided for by *Mission Power*. 883 F. Supp. at 493. *See, e.g., Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-CV-00993-MCS-ADS, 2021 WL 12282030, at *1 (C.D. Cal. Aug. 3, 2021) (denying *ex parte* application where movant had "ample time to present a regularly noticed motion" and now presents an application which "effectively asks the Court to condone its strategic decision to set fact depositions to occur shortly after Samsung's deadline to produce documents. . . . This is not an appropriate reason for emergency relief."); *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-CV-00993-MCS-DFM, 2021 WL 6103541, at *1 (C.D. Cal. July 7, 2021) (denying *ex parte* application where "Defendant made the strategic decision to focus its efforts on an informal resolution instead of taking discovery in the past four months. . . . It did so at its own peril."). Plaintiff further fails to establish his diligence in pursuing an amendment to the scheduling order, which was issued over six months prior to the class certification deadline, and six months before Plaintiff filed the instant Application. *See Mission Power*, 883 F. Supp. at 488 ("[M]erely showing that trial is fast approaching and that the opposing party still has not answered crucial interrogatories is insufficient. . . .").

Plaintiff contends that *ABS Entertainment, Inc. v. CBS Corp.,* 908 F.3d 405 (9th Cir. 2018) is "controlling" in its holding that "a district court abuses its discretion when it denies a stipulated extension of a class certification deadline without addressing the parties' stated need for class certification discovery . . . ." *Appl.* at 12. Plaintiff relies on *ABS Entertainment* to argue that this Court abused its discretion in denying Plaintiff's Stipulation "without addressing the Parties' asserted, undisputed need for the outstanding discovery." *Id.* at 13. Plaintiff misconstrues the holding of that case. The Ninth Circuit subsequently clarified its holding in *ABS Entertainment*: "a district court *may* abuse its discretion if it unreasonably applies rules in a way that deprives a party of an opportunity to present class allegations or a motion for class certification." *Davidson v. O'Reilly Auto Enters., LLC*, 968 F.3d 955, 963 (9th Cir. 2020). Indeed, the "abuse of discretion" found in *ABS Entertainment* was the court's "striking the timely filed motion [for class certification] as a sanction for what it categorizes as 'trivial' omissions in the notice." *ABS Ent., Inc. v. CBS Corp.*, 908 F.3d 405, 427 (9th Cir. 2018); *see also Davidson*, 968 F.3d at 964 ("[In *ABS Entertainment*] we agreed that the district court 'abused its discretion in striking the timely filed motion as a sanction for trivial omissions in the notice,' and we reversed and remanded so the district court could consider the class-certification motion on the merits, along with whether pre-certification discovery was warranted.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-11993-MWC-DSR Date: August 20, 2026

Title: Michael Dotson v. Bob Evans Farms, LLC

(punctuation omitted). *ABS Entertainment* does not "purport to eliminate district courts' broad discretion in setting and enforcing deadlines[.]" *Davidson*, 968 F.3d at 966.

Plaintiff has failed to shoulder his burden as to why the Court should amend the scheduling order as requested in his Application and Stipulation. For the foregoing reasons, the Court **DENIES** Plaintiff's Application (Dkt. # 45).

IV. OSC Regarding Case Citations

At three different points in his Application, Plaintiff attributes quoted language to *Mission Power*, 883 F. Supp. at 492, which appears nowhere in the body of the cited case. *See Appl.* at 7:10–7:15, 10:5–10:8, 10:17–10:22. The discrepancies between the quoted language and the language of the cited case are so significant as to abrogate any assumption that the misattributions are the result of typographical error.

Plaintiff's repeated inclusion of quotations misattributed to *Mission Power*, which are present in the language of an entirely different case,[1] "bear the hallmarks of hallucinated cases created by artificial intelligence ('AI') tools." *Cummins v. Becerra*, No. 1:25-CV-01853-DC-AC, 2026 WL 373336, at *1 (E.D. Cal. Feb. 10, 2026) (issuing order to show cause for AI hallucinated case citation, including citations where cases existed but cited language did not exist); *see also Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 454 (S.D.N.Y. 2023) (sanctioning attorney for AI hallucinated citations, including to cases which "have correct names and citations but do not contain the language quoted or support the propositions for which they are offered." ).

Accordingly, the Court **SETS** an **ORDER TO SHOW CAUSE Re: Monetary Sanctions and State Bar Referral of Todd M. Friedman** for breach of the duty of candor to the Court, to be heard in-person in Courtroom 6A on Friday, August 28, 2026, at 1:30 p.m. Defendant's appearance is optional.

Plaintiff is further **ORDERED** to file a response, in writing, on or before August 24, 2026, why this Court should not impose sanctions. Todd M. Friedman **SHALL** file a

[1] The language which Plaintiff's Application misattributes to *Mission Power* appears nowhere in the body of that case. *See Appl.* at 7:10–7:15, 10:5–10:8, 10:17–10:22; *see generally* 883 F. Supp. 488. Instead, the language appears in *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013), which Plaintiff failed to cite in his Application.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-11993-MWC-DSR Date: August 20, 2026

Title: Michael Dotson v. Bob Evans Farms, LLC

declaration in support of his response to the order to show cause, which shall address whether generative artificial intelligence was used to draft Plaintiff's Application or any other papers filed by Plaintiff, and what actions Plaintiff took to determine that the propositions of law relied on by Plaintiff were accurate.

V. Conclusion

The Court **ORDERS** the following:

1. Plaintiff's Application (Dkt. # 45) is **DENIED**.
2. Plaintiff is **ORDERED TO SHOW CAUSE** Re: Monetary Sanctions and State Bar Referral of Todd M. Friedman.
3. Todd M. Friedman, Counsel for Plaintiff, is **ORDERED** to appear in person at the Order to Show Cause on **August 28, 2026**, at 1:30 p.m. in Courtroom 6A. Defendant is not required to appear.
4. Todd M. Friedman, Counsel for Plaintiff, is **ORDERED** to file a Response to the Order to Show Cause, including a Declaration as specified in Section IV of this Order, on or before **August 24, 2026**.

**IT IS SO ORDERED.**

:

**Initials of Preparer** TJ